KENNETH LEE THOMPSON ET AL. *v.*

FRANCESCO GIORDANO

[No. 66, September Term, 1972.]

WALLACE LEON BIGALOW ET AL. *v.*

SARA L. CHAPMAN

[No. 67, September Term, 1972.]

ALLEN J. SACHS *v.* CHERYL L. SQUIRES

[No. 68, September Term, 1972.]

*Decided October 25, 1972.*

266

The cause was argued before MORTON, ORTH and GIL-BERT, JJ.

*Edward P. Murphy,* with whom were *Matthew Swerdloff* and *Swerdloff, Rabineau & Murphy* on the brief, for appellants.

No brief or appearance on behalf of appellees.

ORTH, J., delivered the opinion of the Court.

On 5 July 1971 the courts of limited jurisdiction of Maryland, composed of a hodgepodge of magistrates, justices of the peace, People's Courts, the Municipal Court of Baltimore City and the Housing Court of Baltimore County, were supplanted by the District Court of Maryland with uniform jurisdiction throughout the State.[1] This was accomplished by amendments to the Constitution of Maryland—Art. IV, §§ 41A to 41-I, inclusive, implemented by public general laws—Code, Art. 26, §§ 139-158, and rules—Maryland District Rules and Chapter 1300 of the Maryland Rules of Procedure. By the provisions of § 41-I (e) of the Constitution, any matter pending on the day before the first Monday in July 1971

---

1. Except that in Montgomery County the District Court may have such jurisdiction of juvenile causes as may be provided by law. For such jurisdiction, see Code, Art. 26, § 145 (d).

before a justice of the peace or any People's Court, the Municipal Court of Baltimore City or the Housing Court of Baltimore County shall be decided or otherwise disposed of in the District Court in the county or in Baltimore City in which the matter was pending on the day before the first Monday in July 1971, unless thereafter lawfully removed. Under § 41-I (f) all papers, dockets, files, books, records, monies, and other property belonging to or pertaining to or in any such courts on that date shall be transferred to the District Court in the appropriate county or in Baltimore City.[2] The statutes pertaining to the District Court, with exceptions not here pertinent, were effective 5 July 1971. Acts 1970, ch. 528, § 2. The Maryland District Rules and Chapter 1300 of the Maryland Rules of Procedure were adopted by the Court of Appeals to take effect 5 July 1971. The order of 28 June 1971 adopting them spelled out their applicability:

> "ORDERED, that the Maryland District Rules and Chapter 1300 of the Maryland Rules of Procedure shall take effect July 5, 1971, and shall be applicable to all cases pending as of July 5, 1971, except that Chapter 400 (Depositions and Discovery) of the Maryland District Rules shall be applicable only to cases filed on or after July 5, 1971, and that all cases heard prior to July 5, 1971, shall be governed for purposes of appeal by the law applicable to appeals prior to July 5, 1971 * * *."

It is clear that all cases pending in the People's Court of Baltimore on 4 July 1971 are to be decided or otherwise disposed of in the District Court in Baltimore City. The law governing their disposition in the District Court

---

2. The year actually stated was 1970 but § 41-I (a) provided: "If for any reason these amendments are not submitted for adoption or rejection by the legal and qualified voters of the State in November, 1969, but are submitted to such voters in 1970, then whenever a day of a month in the year 1970 is used in these amendments it shall mean the same day and month in the year 1971." The amendments were ratified 3 November 1970.

in Baltimore City is as provided in Code, Art. 26, §§ 139-158, in the Maryland District Rules, and in Chapter 1300 of the Maryland Rules of Procedure, each effective 5 July 1971. This is so as to the statutes because § 157 thereof expressly repealed all provisions of the Annotated Code of Maryland, 1957 edition, as amended, and those provisions of the public local laws applicable to the various counties and the City of Baltimore which were inconsistent with the provisions of any section of the District Court subtitle of Art. 26. It is so as to the Maryland District Rules and Chapter 1300 of the Maryland Rules of Procedure because the Court of Appeals so provided in the order adopting them. And for purposes of appeal, such cases, by the same order, are governed by the law effective 5 July 1971, not by the law applicable to appeals prior to that date. We therefore review the cases in the light of the law effective 5 July 1971.

*The District Court and Trial by Jury*

Trial by jury in District Court civil cases is provided by Code, Art. 26, § 145 (c) (3) (ii):

> "In all civil actions where the amount in controversy exceeds five hundred dollars ($500.00) either party shall have a right, within such time as prescribed by rule, to demand a trial by jury in which event the case shall be transmitted forthwith to the circuit court in the county in which the cause of action arose or was filed, or to the Superior Court of Baltimore City if the cause of action arose or was filed in the City of Baltimore." [3]

Formerly the right to a jury trial was guaranteed when the amount in controversy exceeded five dollars.

---

[3]. This is in accordance with Art. XV, § 6 of the Constitution of Maryland:
> "The right to trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of five hundred dollars, shall be inviolably preserved."

Ch. 789, Acts 1969, ratified 3 November 1970 substituted "five hundred dollars" for "five dollars."

Code, Public Local Laws of Baltimore City (Everstine, 1969) § 15-6 (b) as in effect prior to 5 July 1971 provided that in any cause of action in which the People's Court enjoyed concurrent jurisdiction, namely where the amount in controversy was more than $1000 up to and including $2500, "any defendant desiring trial by jury shall have the right to have the cause transferred to any one of the aforesaid law courts, but in the absence of designation to the Baltimore City Court, upon such terms for costs and formal pleading as may be prescribed by rule of the People's Court and the Supreme Bench of Baltimore City." However, Part IX of the Rules of the People's Court provided that when any defendant in any suit involving an amount of money in excess of $100 desired a trial by jury, he could have such case removed to a law court of Baltimore City upon notice to the clerk of the People's Court "provided such notice be not later than fourteen days after service of summons" and provided further that there be affixed to the notice a certification that a copy was served on or mailed to all other parties or their attorneys of record.

Amendment VII to the Constitution of the United States deals with trial by jury in civil cases brought in the Courts of the United States. *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U. S. 211. It provides:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

See *Ross v. Bernhard*, 396 U. S. 531. For a comprehensive discussion of the history of jury trials in civil cases see *Capital Traction Co. v. Hof*, 174 U. S. 1. M.D.R. 343 prescribes the procedure whereby a party entitled to a jury trial may obtain it. First he must elect it as provided by the Rule or it is waived. M.D.R. 343, § a. The

constitutional guarantee to trial by jury is not contravened by reasonable statutory regulation providing the manner in which the election is to be exercised, as, for example, a rule of court requiring affirmative written election for a jury trial. *Maryland Community Developers, Inc. v. State Roads Commission,* 261 Md. 205; *Houston v. Lloyd's Consumer Acceptance Corp.* 241 Md. 10. A plaintiff entitled to a jury trial in an action over which the District Court has exclusive original jurisdiction [4] may elect trial by jury only by a separate writing filed with his statement of claim. M.D.R. 343, § b. A defendant entitled to a jury trial may elect such trial only by a separate writing filed within the time prescribed by M.D.R. 302 for filing notice to defend, that is within 14 days after service of the summons and statement of claim upon him.[5] M.D.R. 343, § c. Effective 1 June 1972 the Court of Appeals added a new § e to M.D.R. 343. It provides:

> "At any time prior to the transmission of the record on transfer of the action to the Circuit Court the District Court may, sua sponte or on motion, determine that an election for jury trial has not been timely filed and the action shall thereupon be tried in the District Court."

*Removal in the District Court*

As above discussed a case may be transmitted from the District Court in Baltimore City to the Superior

---

4. Code, Art. 26, § 145 (c) spells out the civil jurisdiction of the District Court. Included in its general jurisdiction are all cases to obtain redress for wrongs where the damages claimed do not exceed $5000. § 145 (c) (1). It has exclusive jurisdiction in such cases where the amount in controversy does not exceed $2500 and concurrent jurisdiction with the circuit court in all cases where the amount in controversy exceeds $2500, but does not exceed $5000. § 145 (c) (2).

5. Except in cases where service is made outside Maryland or upon a statutory agent for a nonresident defendant. In such cases the time shall be within 60 days after service. M.D.R. 302 b. The time within which a cross-defendant or a counter-claim defendant may make election of jury trial is 14 days after service of the cross-claim or counterclaim against him. M.D.R. 343 c.

When any party has elected trial by jury, the effect is that the entire action, including all issues and all claims, counterclaims, cross-claims, or third party claims, shall be so tried. M.D.R. 343 d.

Court of Baltimore City upon proper demand for a trial by jury. But now a case so removed must be tried by jury. Maryland Rule 343 (f) (2), effective 1 June 1972, sets out an exception to the withdrawal of the election of a jury trial in a court of general jurisdiction by providing: "An action removed from the District Court shall be tried by jury." As of 5 July 1971 removal from the District Court to a court of general jurisdiction may be effected only by demanding a jury trial. Removal of a case pending before any District Court judge for the reason that the defendant does not believe he can have a fair and impartial trial by the District Court judge before whom the case is pending shall be removed upon proper suggestion to another District Court judge sitting in or assigned to the same district, but not to a court of general jurisdiction. Code, Art. 26, § 145 (f). See M.D.R. 542.

### Appeals from the District Court

Appeals from the District Court of Maryland are provided by Code, Art. 26, § 156. An appeal from a judgment of the District Court in a civil case originally tried in Baltimore City shall be taken to the Baltimore City Court, subsection (a). The appeal may be taken within 30 days of final disposition, subsection (c). If the case involves a claim of less than $500 it is tried de novo, except that by agreement of the parties it may be heard and decided on the record made in the District Court, subsection (a). See Md. Rule 1326. If the case involves a claim of $500 or more, then the appeal shall be heard and decided on the record made in the District Court, ibid.[6] All procedural matters having to do with the appeal shall be as prescribed by rule of the Court of Appeals, subsection (e).

The provisions of Chapter 1300 of the Maryland Rules

---

6. "In the case of an appeal not tried de novo, the court to which the appeal is taken shall affirm, reverse, or modify the judgment appealed from, remand the case to the District Court for further proceedings, or dismiss the appeal." § 156 (b).

of Procedure, govern an appeal from the District Court. The appeal shall be made by filing an order of appeal with the clerk of the District Court within 30 days from the date of the judgment appealed from. Md. Rule 1312. When the case on appeal is to be heard de novo, the rules of procedure governing cases instituted in the court hearing the appeal shall apply, "except as they relate to the form and sufficiency of the pleadings." Md. Rule 1314.

A case on appeal from the District Court shall not be tried before a jury. As above pointed out, all cases involving a claim of $500 or more are heard and decided on the record, and cases involving a claim of less than $500 may be so heard and determined by agreement. As to the cases heard de novo, they are limited to those involving a claim of less than $500 and with such amount involved a jury trial is not constitutionally mandated. Art. XV, § 6, Constitution of Maryland. The statutory right to a jury trial is given only when the amount in controversy exceeds $500. Code, Art. 26, § 145 (c) (3) (ii).[7] Md. Rule 343, entitled "Jury Trial-Election" applicable to courts of general jurisdiction, formerly included as § d under the heading "Appeals and Removals From Courts of Limited Jurisdiction" a provision reading as follows: "In an appeal or removal from a court of limited jurisdiction, such election [of a trial by jury] shall be made by the appealing or removing party not later than five (5) days after the action has been filed in the court of general jurisdiction. The opposing party shall make his election within fifteen (15) days after the date of service upon him of summons or notice of removal." However, § d so providing was deleted from the Rules as of 1 June 1972 by order of the Court of Appeals and such deletion was made applicable "to all proceedings thereafter commenced and, so far as practicable, to all proceedings then pending." It is patent that the rule changes, including the deletion of former § d of Md. Rule

---

7. We note that the matter is left in limbo when the amount in controversy is exactly $500.

343, were necessitated by the adoption of the District Court system. The deletion gives clear indication that it was the intention that even a case tried de novo on appeal from the District Court was not to be before a jury.

*The Instant Cases*

The three cases comprising this appeal were pending in the People's Court of Baltimore City on the day before the first Monday in July 1971. Each was a civil action of tort arising from a motor vehicle accident; each claimed $2500 damages; each was transferred to "The District Court of Maryland, District 1, Civil Division, successor to People's Court of Baltimore City, effective 7/5/71."

The first case, Francesco Giordano v. Kenneth Lee Thompson and Yellow Cab Co., (the Giordano case),[8] was commenced 11 June 1971 by the filing of a statement of claim in the People's Court of Baltimore City. Trial was set for 16 September. Yellow Cab was served on 30 June. It is not clear when Thompson was served, although an appearance was entered for both defendants. On 15 July the Defendants filed a motion for removal and an election for a jury trial. The docket, under "Special Proceedings", reads under date of 30 July over the signature of a District Court Judge: "Removal rec'd from Edward P. Murphy [counsel for defendants] hereby returned—not timely." On 7 September defendants noted an appeal "from the denial of the defendant's request for removal dated July 15, 1971, and the defendants request that the case be tried with the aid of a jury." On 21 December the Baltimore City Court dismissed the appeal. On 14 January 1972 defendants petitioned this Court to grant certiorari.

The second case, Sara L. Chapman v. Wallace Leon Bigalow, Irvin Kaufman Edelstein, and William Joseph

---

8. No. 17397-71 in the People's Court and the District Court, and docket 21 DC, folio 34, file 089496 in the Baltimore City Court, and No. 66, September Term 1972 on this appeal.

Ford (the Chapman case),[9] was commenced on 9 June 1971 by the filing of a statement of claim in the People's Court of Baltimore City. Trial was set for 16 September. Bigalow was served on 26 June; Edelstein was served on 30 June; Ford was served on 29 June. On 13 July the defendants filed a motion for removal and an election for a jury trial. The docket, under "Special Proceedings", reads under date of 27 August over the signature of a District Court Judge: "Removal rec'd 7/16/71 is denied. Not timely." On 7 September the defendants noted an appeal "from the denial of the defendant's request for removal dated July 13, 1971 and the defendants request that this case be tried with the aid of a jury." On 21 December the Baltimore City Court dismissed the appeal. On 14 January 1972 the defendants petitioned this Court to grant certiorari.

The third case, Cheryl L. Squires v. Allen J. Sachs, (the Squires case),[10] was commenced on 7 April 1971 by the filing of a statement of claim in the People's Court of Baltimore City. The claim was amended and reissued to the defendant on 8 June and trial was set for 10 September. Sachs was served on 2 July. On 29 July he filed a motion for removal and an election for a jury trial. The docket, under "Special Proceedings", reads under date of 20 August over the signature of a District Court Judge: "Removal denied—Not timely. (Deft served 7-3-71, Order rec'd 7-29-71) Checks & Order ret'd to Mr. Murphy this date." On 9 September the defendant noted an appeal "from the Order denying defendant's request for Removal and Prayer for Jury Trial." [11] On 21 Decem-

---

9. No. 16994-71 in the People's Court and the District Court, and docket 21 DC, folio 33, file 1-089495 in the Baltimore City Court, and No. 67 September Term 1972 on this appeal.

10. No. 10044-71 in the People's Court and the District Court, and docket 21 DC, folio 33, file 089494 in the Baltimore City Court, and No. 68 September Term 1972 on this appeal.

11. The motion for removal and request for jury trial apparently made in each case does not appear in the records before us. It seems that upon denial they were returned by the District Court to the defendants' attorney.

ber the Baltimore City Court dismissed the appeal. On 14 January 1972 the defendant petitioned this Court to grant certiorari.

By separate orders of 8 March 1972 to the Baltimore City Court we required the three cases to be certified to us for review and determination and they were transferred to the regular appeal docket of this Court. They are argued together in appellants' brief. Only one question is presented. "Was the summary denial of the Request for Removal and Prayer for a Jury Trial by the District Court of Maryland for Baltimore City, and the dismissal of the appeal therefrom by Judge Sodaro [presiding in the Baltimore City Court], a denial of your Appellants' constitutional right to a trial by jury?"

It is clear that each of the cases were pending in the People's Court of Baltimore City on 4 July 1971 and were, therefore, under the implementing provisions of the constitutional amendments, to be decided or otherwise disposed of in the District Court in Baltimore City and, as has been above discussed, pursuant to the law applicable to the District Court. In the frame of reference of the demand for a jury trial, the action of the District Court resulting in a denial thereof was appealable. If properly demanded the defendants' right to trial by jury was constitutionally guaranteed, the amount in controversy in each case being over $500. See *Raimondi v. State,* 8 Md. App. 468. Cf. *In Re Martin,* 10 Md. App. 385.

As far as can be ascertained from the record submitted to us the defendants in each of the cases filed a request for removal and demand for a jury trial. Under the law effective 5 July 1971 the request for removal, if an attempt to remove the case to a court of general jurisdiction was superfluous. Such removal could only be accomplished by demand for a jury trial which was also made. If the request for removal was made in contemplation of the former law, that law was no longer in existence and could in no event have been controlling. Therefore, each request for removal, as such, was prop-

erly denied by the District Court and its action was properly sustained by the Baltimore City Court.

## The Giordano Case

The judgment of the District Court was made on 30 July 1971. Appeal was noted 7 September 1971. It was not filed within the thirty days prescribed and the Baltimore City Court had no jurisdiction to entertain it. Code, Art. 26, § 156 (c) ; Md. Rule 1312. See *Blackstone v. State,* 6 Md. App. 404, and *Cornwell v. State,* 1 Md. App. 576, construing comparable Md. Rule 1012. The appeal was properly dismissed. The effect is that the action of the District Court stands and the case may be determined by a court trial in the District Court.

## The Squires Case

In the Squires case the action was filed 7 April 1971 and amended 8 June. The defendant was served on 2 July. Jury trial was demanded on 29 July. Under M.D.R. 343 c the defendant could have elected a trial by jury by filing a demand within the time prescribed, namely within 14 days after service of the summons and statement of claim upon him. When M.D.R. 343 became applicable to the case on 5 July 1971 the defendant had eleven days from the date of service for strict compliance with the Rule prescribing the time for election of a jury trial. He did not elect within that time. Nor did he elect within 14 days of the effective date of the Maryland District Rules, even if that date be deemed the proper time for the period for election to commence in the unusual circumstances surrounding the change of jurisdiction to the District Court. We hold that the election of a jury trial was not timely made in any event. In the face of M.D.R. 343 a the failure to elect as provided by the Rule was an affirmative waiver of the right. Thus the denial of a demand for a jury trial by the District Court, and the action of the Baltimore City Court, having the effect of precluding a trial by jury, were not improper. The result is that the case may be tried at a court trial in the District Court.

*The Chapman Case*

The defendants in the Chapman case, Bigalow, Ford and Edelstein, were served 26 June, 29 June and 30 June 1971 respectively. It is not clear from the record when the election for a jury trial was filed. The docket entries state the "removal" was received 16 July 1971 and it is so stated over the signature of Mason, J. in the "Special Proceedings" record under date of 27 August. Defendants' attorney in the noting of appeal asserts it was filed 13 July 1971, which, incidentally was the date his appearance was entered. Only if it were, in fact, 13 July would the election of a jury trial have been valid as within 14 days after service of Edelstein. "When any party has elected trial by jury, the entire action, including all issues and all claims * * * shall be so tried." M.D.R. 343 d. However, it is of no real moment whether the election was filed on 13 July or 16 July for we believe that in the circumstances demand for a trial by jury was timely made in any event. It was made within 14 days of 5 July 1971, the effective date of the Maryland District Rules. In the unique circumstances existent by reason of the changeover from the old to the new court system, necessitating the adoption of new rules and procedures, and the transfer of pending cases as constitutionally prescribed, we think that it was the intent as to cases pending in the People's Court of Baltimore City which were to be decided in the District Court that the effective date of the Rule—5 July 1971—shall be considered the equivalent of the date of service of the summons and statement of claim upon a defendant, who therefore had within 14 days after 5 July to demand a trial by jury. We believe, therefore, that the defendants in the Chapman case made timely demand for a trial by jury. We hold that the Baltimore City Court erred in dismissing the appeal. The case is to be returned to the District Court with direction that it be transmitted forthwith to the Superior Court of Baltimore City in accordance with Code, Art. 26, § 145 (c) (3) (ii) so it may

be tried before a jury. We remand to the Baltimore City Court for the necessary action.

> *Appeal No. 66, Thompson, et al. v. Giordano, order of 21 December 1971 of the Baltimore City Court and judgment for costs affirmed; appellants to pay one third costs on appeal.*
>
> *Appeal No. 67, Bigalow, et al. v. Chapman, order of 21 December 1971 of the Baltimore City Court and judgment for costs reversed; case remanded for further proceedings in accordance with this opinion; appellee to pay costs below and one third costs on appeal.*
>
> *Appeal No. 68, Sachs v. Squires, order of 21 December 1971 of the Baltimore City Court affirmed and judgment for costs affirmed; appellants to pay one third costs on appeal.*