# BRINGE *v.* COLLINS ET AL.

[No. 107, September Term, 1974.]

*Decided April 9, 1975.*

The cause was argued before SINGLEY, SMITH, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Alan J. Goldstein*, with whom was *Arthur M. Ahalt* on the brief, for appellant.

*Carol S. Sugar, Assistant Attorney General*, for Attorney General of Maryland. *James F. Clements*, with whom were *Sinclair, Chapdelaine & Clements* on the brief, for Wayne C. Collins, other appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case presents questions concerning the right to a jury trial in an action by a landlord to recover possession of his real estate from a tenant holding over after the expiration of the term of the lease.

In October 1973, the respondent landlord, Wayne C. Collins, brought an action in the District Court of Maryland, in Prince George's County, to recover possession of his real estate from the petitioner tenant, John Bringe, who was allegedly holding over beyond the term of the lease. The statutory basis for the action was Maryland Code (1957, 1973 Repl. Vol.), Art. 21, § 8-402 (b), now recodified as Code (1974), § 8-402 (b) of the Real Property Article. In that district court action, neither party sought money damages, and neither party claimed that the right to possession had any particular monetary value. Moreover, there was no request for a jury trial. The district court granted a judgment for the restitution of the possession of the premises, and the tenant appealed. The Circuit Court for Prince George's County on March 8, 1974, affirmed the judgment

of the district court, and this Court thereafter denied a petition for a writ of certiorari.

About seven weeks after the circuit court's affirmance of the district court's judgment granting possession of the premises to the landlord, the Supreme Court of the United States decided *Pernell v. Southall Realty*, 416 U. S. 363, 94 S. Ct. 1723, 40 L.Ed.2d 198 (1974), holding that under the Seventh Amendment to the United States Constitution, a party had the right to demand a jury trial in an action brought in the District of Columbia by a landlord to recover possession of real estate.

At the time that the *Pernell* decision was rendered, a writ of eviction had not yet issued upon the district court's judgment granting possession of the real estate to the respondent Collins. The *Pernell* decision prompted the tenant, petitioner John Bringe, to commence a new proceeding in the Circuit Court for Prince George's County, for a declaratory judgment that Code (1974), § 8-402 (b) of the Real Property Article, was in violation of both the Seventh Amendment to the United States Constitution and Article XV, § 6, of the Maryland Constitution because it failed to provide for a jury trial in an action by a landlord to recover possession of property. The tenant John Bringe also sought an injunction to restrain the landlord from presenting a writ of eviction to the court for signature, to restrain the clerk of the court from issuing a writ of eviction, and to restrain the sheriff from serving a writ of eviction. Named as defendants were the landlord Wayne C. Collins, the Clerk of the Circuit Court for Prince George's County, the Sheriff of Prince George's County, and the Attorney General of Maryland.

After the submission of briefs and a hearing, the circuit court (Couch, J.) denied the relief sought by the tenant. The circuit court held: *First,* that the Seventh Amendment to the United States Constitution did not apply to proceedings in state courts; *second,* that under Art. XV, § 6, of the Maryland Constitution and Code (1974), § 4-402 (e) of the Courts and Judicial Proceedings Article, there was a right to a jury trial in landlord-tenant actions where the amount in

controversy exceeded $500.00, and that the tenant John Bringe would have been entitled to a jury trial if he "could have demonstrated that his right to possess the premises in dispute involved a valuable right of Five Hundred Dollars ($500.00) or more . . ."; and *third,* that in any event the tenant waived his right to a jury trial in the prior district court action by failing to demand a jury trial in accordance with Maryland District Rule 343.

The tenant John Bringe took an appeal to the Court of Special Appeals, and this Court then granted a writ of certiorari prior to a decision by the Court of Special Appeals. *See* Code (1974), §§ 12-201 and 12-203 of the Courts and Judicial Proceedings Article. Finding ourselves in agreement with the decision of the circuit court, we affirm.

(1)

The petitioner's initial argument is that the principles of the Seventh Amendment are incorporated in the due process clause of the Fourteenth Amendment to the Constitution of the United States, and are, therefore, applicable to proceedings in the state courts.[1] Since, petitioner argues, the Supreme Court in *Pernell v. Southall Realty, supra,* held that the Seventh Amendment required a jury trial in a District of Columbia action by a landlord to recover possession of his property even though (under petitioner's interpretation of *Pernell*) no particular sum of money was involved in that controversy, there was similarly a right to a jury trial in the subject state court action despite the fact that no monetary claim was made.

The major problem with the petitioner's argument is that the Supreme Court of the United States has consistently held that the Seventh Amendment is not incorporated into the Fourteenth Amendment, and consequently is not applicable to state court proceedings. Almost one hundred

---

1. The Seventh Amendment to the United States Constitution provides:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

years ago, Chief Justice Waite said for the Court in *Walker v. Sauvinet,* 92 U. S. 90, 92-93, 23 L. Ed. 678 (1876):

> "By art. 7 of the amendments, it is provided, that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' This, as has been many times decided, relates only to trials in the courts of the United States. *Edwards v. Elliot,* 21 Wall. 557. The States, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way. A trial by jury in suits at common law pending in the State courts is not, therefore, a privilege or immunity of national citizenship, which the States are forbidden by the Fourteenth Amendment to abridge. A State cannot deprive a person of his property without due process of law; but this does not necessarily imply that all trials in the State courts affecting the property of persons must be by jury."

The Seventh Amendment has been held inapplicable even though the state court proceedings were for the purpose of enforcing rights created by federal statute, *Minneapolis & St. L. R. Co. v. Bombolis,* 241 U. S. 211, 219-220, 36 S. Ct. 595, 597, 60 L. Ed. 961 (1916). *See also Brady v. Southern Ry. Co.,* 320 U. S. 476, 479, 64 S. Ct. 232, 234, 88 L. Ed. 239 (1943); *Hardware Dealers' Mut. Fire Ins. Co. v. Glidden Co.,* 284 U. S. 151, 158, 52 S. Ct. 69, 71, 76 L. Ed. 214 (1931); *Wagner Electric Mfg. Co. v. Lyndon,* 262 U. S. 226, 232, 43 S. Ct. 589, 591, 67 L. Ed. 961 (1923); *St. Louis & K. C. L. Co. v. Kansas City,* 241 U. S. 419, 431, 36 S. Ct. 647, 652, 60 L. Ed. 1072 (1916); *Edwards v. Elliott,* 21 Wall. (88 U. S.) 532, 557, 22 L. Ed. 487 (1874).

Petitioner, while acknowledging that prior to the 1974 decision in *Pernell v. Southall Realty, supra,* the Supreme Court consistently held that the Seventh Amendment was inapplicable to state court proceedings, argues that *Pernell* overruled the above-cited cases and, for the first time, held that the Seventh Amendment was incorporated into the due process clause of the Fourteenth Amendment. Petitioner

relies upon the following passage from Mr. Justice Marshall's opinion for the Court in *Pernell, supra,* 416 U. S. at 385 (emphasis supplied):

> "Some delay, of course, is inherent in any fair-minded system of justice. A landlord-tenant dispute, like any other lawsuit, cannot be resolved *with due process of law* unless both parties have had a fair opportunity to present their cases. Our courts were never intended to serve as rubber stamps for landlords seeking to evict their tenants, but rather to see that justice be done before a man is evicted from his home."

Petitioner contends that the reference to "due process of law" in the quoted passage discloses the Supreme Court's belief that the right to a jury trial according to the requirements of the Seventh Amendment is an integral part of the "due process of law" protected by the Fourteenth Amendment. However, a phrase in a judicial opinion must be viewed in the context in which it appears. Mr. Justice Marshall, in the above-quoted passage, was not addressing himself to the requirements of the Fourteenth Amendment, or to state court proceedings, or to the various considerations and problems involved if the Court were to hold that the Seventh Amendment were applicable to the states. Instead, he was responding to an argument, which had been accepted by the lower court, that jury trials in landlord-tenant cases would impose a heavy burden upon the District of Columbia's court system.

There is nothing in the *Pernell* opinion that even suggests an intention on the part of the Supreme Court to overrule numerous previous cases and hold that the Seventh Amendment governs civil proceedings in the state courts. *Pernell* did not involve a state court action or the Fourteenth Amendment. Rather, the Court was concerned with landlord-tenant cases in the District of Columbia, a federal jurisdiction to which the Seventh Amendment is directly applicable. *Capital Traction Co. v. Hof,* 174 U. S. 1, 5, 19 S. Ct. 580, 582, 43 L. Ed. 873 (1899). It is almost inconceivable that the Supreme Court would use *Pernell* as a vehicle to

overrule a consistent line of cases directly dealing with the issue of whether the Fourteenth Amendment guarantees a right to a jury trial in state court civil proceedings. This is particularly true considering that the Court has very recently indicated that it adheres to its prior holdings concerning the reach of the Seventh Amendment. Thus in *Curtis v. Loether*, 415 U. S. 189, 192, n. 6, 94 S. Ct. 1005, 1007, 39 L.Ed.2d 260 (1974), decided just two months before *Pernell*, Mr. Justice Marshall, also the author of *Pernell*, stated for the Court:

> "The Court has not held that the right to jury trial in civil cases is an element of due process applicable to state courts through the Fourteenth Amendment."

Just the previous year, in *Colgrove v. Battin*, 413 U. S. 149, 169, n. 4, 93 S. Ct. 2448, 2459, 37 L.Ed.2d 522 (1973), which involved the constitutionality under the Seventh Amendment of six-member juries in *federal* trials, Mr. Justice Marshall had observed (dissenting opinion):

> "Indeed, the Seventh Amendment is one of the few remaining provisions in the Bill of Rights which has not been held to be applicable to the States. See, *e.g.*, Hardware Dealers Mutual Fire Ins. Co. v. Glidden Co., 284 U. S. 151, 158, 52 S. Ct. 69, 71, 76 L. Ed. 214 (1931); Wagner Electric Mfg. Co. v. Lyndon, 262 U. S. 226, 232, 43 S. Ct. 589, 591, 67 L. Ed. 961 (1923)."

Also a year before *Pernell*, the Supreme Court summarily affirmed the decision of a three-judge federal district court in Louisiana which had held, in an opinion by Circuit Judge John Minor Wisdom, that the requirements of the Seventh Amendment were not incorporated in the Fourteenth Amendment and therefore were not applicable to state court civil proceedings. *Melancon v. McKeithen*, 345 F. Supp. 1025 (E.D. La. 1972), *aff'd*, 409 U. S. 943, 1098, 93 S. Ct. 289, 290, 908, 34 L.Ed.2d 214, 679 (1973).[2]

---

**2.** Judge Wisdom's opinion in *Melancon* contains an extensive discussion of the "selective incorporation" versus the "total incorporation" arguments

We therefore reject petitioner's contention that the Seventh and Fourteenth Amendments to the United States Constitution required that he be afforded a jury trial in a landlord-tenant action in the Maryland courts.

(2)

Petitioner also argues that Article XV, § 6, of the Maryland Constitution guaranteed him the right to a jury trial in the suit by the landlord Collins to evict him. Article XV, § 6, provides:

> "The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of five hundred dollars, shall be inviolably preserved."

Petitioner contends that an action by a landlord to recover possession of real estate was historically an action at law to which the right to a jury trial attached, and that this is the sole test for applying Article XV, § 6. As to the $500.00 requirement of Article XV, § 6, petitioner concedes that neither side in the landlord-tenant action claimed any money damages, and neither side claimed that the right to possess the premises had any particular monetary value. Nevertheless, petitioner argues that "[j]ust as the Court in *Pernell* disregarded the twenty dollar clause of the Seventh Amendment, so too should this Court [disregard the $500.00 clause of Art. XV, § 6] in deciding whether Section 8-402 [of the Real Property Article has] . . . abrogated the . . . right to trial by jury."

However, the clear language of Art. XV, § 6, of the Maryland Constitution preserves the right to a jury trial only "where the amount in controversy exceeds the sum of

---

with respect to those provisions of the Bill of Rights incorporated into the Fourteenth Amendment, as well as a detailed account of the Supreme Court cases holding that the Seventh Amendment is not applicable to state court proceedings, and a discussion of the historical background of the civil jury. *See also* E. Henderson, *The Background of the Seventh Amendment*, 80 Harv. L. Rev. 289 (1966).

five hundred dollars . . . ." As we recently stated with respect to an argument that we disregard certain language in the Maryland Constitution, "We have no such authority to re-write a constitutional provision." *Johnson v. State*, 271 Md. 189, 194, 315 A. 2d 524 (1974).

Assuming *arguendo* that petitioner is correct in asserting that the Supreme Court in *Pernell* disregarded the twenty dollar clause of the Seventh Amendment, such an approach would only be binding upon other courts in applying the Seventh Amendment. It would have no bearing upon our obligation to give effect to the clear language of the Maryland Constitution where no federal law issue is involved. Furthermore, the premise for petitioner's argument, namely that the Supreme Court in *Pernell* disregarded the monetary requirement of the Seventh Amendment, may be of doubtful validity. In *Pernell*, the tenant claimed a "setoff" of $389.60 for repairs made to the premises and a "counterclaim" of $75.00 for back rent paid to which the landlord was allegedly not entitled, but the District of Columbia Court of Appeals held that these claims had to be made in a separate action. *Pernell v. Southall Realty, supra*, 416 U. S. at 364-365; *Pernell v. Southall Realty*, 294 A. 2d 490, 496-498 (D.C. 1972). Moreover, the landlord's complaint in *Pernell* alleged that $375.00 rent was in default, and by the time of trial the unpaid rent amounted to $525.00. *See* 294 A. 2d at 496. Consequently, the case would appear to have involved a matter "where the value in controversy shall exceed twenty dollars . . . ."

Article XV, § 6, of the Maryland Constitution, like the Seventh Amendment, guarantees a right to a jury trial in actions at law, where historically there was a right to a jury trial, as opposed to equitable action where there was no such right. *Pernell v. Southall Realty, supra*, 416 U. S. at 374-375; *Curtis v. Loether, supra*, 415 U. S. at 193-197; *Knee v. City Pass. Ry. Co.*, 87 Md. 623, 624, 40 A. 890 (1898). We agree with petitioner that an action under Code (1974), § 8-402 of the Real Property Article, by a landlord to recover possession of his premises, is historically an action at law to which the right to a jury trial has always attached in this

State.[3] However, since 1970 the Maryland constitutional right to a jury trial in civil actions only obtains where "the amount in controversy exceeds the sum of five hundred dollars . . . ."[4] For a party in a landlord-tenant action to be entitled to a jury trial, there must either be a claim for money damages over $500.00 or a claim that the value of the right to possession exceeds $500.00. In the subject action, there were no such claims.

(3)

As we have held, the petitioner had no right to a jury trial under the Seventh Amendment, and no right to a jury trial under the Maryland Constitution because there was no showing that the amount in controversy exceeded $500.00. However, even if the Seventh Amendment were to be held applicable to state court proceedings, or if the suit by the respondent Collins to evict the petitioner had involved a controversy exceeding the sum of $500.00, the petitioner would still not be able to prevail in this case because of his failure to request a jury trial in accordance with Maryland District Rule 343. Where a party fails to elect a jury trial in accordance with the statutory provisions and rules for making such election, he waives the right to trial by jury, and he may not thereafter collaterally attack the judgment in a separate action for declaratory and injunctive relief.

---

**3.** It is noteworthy that a direct ancestor of § 8-402 (b) appears to be Ch. 43 of the Acts of 1793, I Dorsey's Laws of Maryland (1840), at 292-294, which expressly provided for a trial before two justices of the peace and twelve jurors in an action by a landlord to recover his property from a tenant holding over beyond the expiration of his term. In 1886, the General Assembly did away with the jury trial before the justices of the peace in such actions, Acts of 1886, Ch. 470. However, this statute provided for an appeal from the justice of the peace to the circuit court. On such appeal, a trial de novo in the circuit court, with the right to a jury trial, was provided. A. Thomas, *Procedure in Justice Cases* (1906), at 33, 96-97, 412-415, and (1909 Supplement), at 102-104. In a civil case, "where a law secures the trial by jury upon an appeal, it is no violation of a constitutional provision for guarding that right, although such law may provide for a primary trial without the intervention of a jury." Steuart v. Mayor and City Council of Baltimore, 7 Md. 500, 512 (1855).

**4.** Prior to the constitutional amendment ratified by the voters on November 3, 1970, the monetary amount set forth in Art. XV, § 6, of the Constitution for the preservation of the right to a jury trial, was five dollars.

Code (1974), § 4-401 (4) of the Courts and Judicial Proceedings Article provides that the district court has exclusive original jurisdiction in an action involving landlord and tenant, regardless of the amount involved.[5] Sec. 4-402 (e) of the same article, reflecting the requirements of the constitutional provision, provides in pertinent part:

"(e) *Jury trial.* — (1) In a civil action in which the amount in controversy exceeds $500, a party may demand a jury trial pursuant to the Maryland District Rules.

"(2) Except in a replevin action, if a party is entitled to and demands a jury trial, jurisdiction is transferred forthwith and the record of the proceedings shall be transmitted to the appropriate court. . . ."

Thus in an action involving landlord and tenant, where the controversy exceeds $500.00, the suit must be brought in the district court, the request for a jury trial must be made in accordance with the Maryland District Rules, and the case will then be removed to the appropriate circuit court or court of the Supreme Bench of Baltimore City for trial before a jury.

Maryland District Rule 343 prescribes the procedure for electing a jury trial as follows:

"a. *Right Waived Unless Elected.*

Trial by jury shall be waived unless elected as provided by this Rule.

"b. *Plaintiff's Time for Election.*

In an action over which the District Court has exclusive original jurisdiction, a plaintiff entitled to a jury trial may elect such trial only by a separate writing filed with his statement of claim, and the clerk shall thereupon transfer the action to the Circuit Court.

---

5. As to the scope of this provision, *see* Judge Digge's recent opinion for the Court in Greenbelt Consumer v. Acme Mkts., 272 Md. 222, 322 A. 2d 521 (1974).

"c. *Defendant's Time for Election.*

A defendant entitled to a jury trial, including a third-party defendant, may elect such trial only by a separate writing filed within the time prescribed for filing the notice required by M.D.R. 302 (Notice of Intention to Defend). A cross-defendant and a counter-defendant may make such election only by a writing filed within 21 days after service of the cross-claim or counter-claim against him.

"d. *Effect of Election.*

When any party has elected trial by jury, the entire action, including all issues and all claims, counter-claims, cross-claims, or third-party claims, shall be so tried.

"e. *Election Not Timely Filed — Trial in District Court.*

At any time prior to the transmission of the record on transfer of the action to the Circuit Court the District Court may, *sua sponte* or on motion, determine that an election for jury trial has not been timely filed and the action shall thereupon be tried in the District Court."

The rule specifically provides that trial by jury shall be waived unless elected as provided in the rule, and it requires that a defendant make the election only by a separate writing filed within the time for filing his notice of intention to defend.[6] Petitioner John Bringe in the landlord-tenant action completely failed to comply with the provisions of this rule, and at no time did he file a request for a jury trial.

Both the Supreme Court with regard to the Seventh Amendment, and this Court with regard to the right to a jury trial under the Maryland Constitution, have held that the failure to make a timely demand for a jury trial

---

**6.** The "Notice of Intention to Defend" must be filed within twenty-one days after the service of the summons and statement of claim upon the defendant, with an exception not here pertinent. Maryland District Rule 302 (b).

constitutes a waiver of the right. In *Duignan v. United States,* 274 U. S. 195, 198, 47 S. Ct. 566, 567, 71 L. Ed. 996 (1927), Mr. Justice Stone stated for the Court:

> "The right to a jury trial may be waived where there is an appearance and participation in the trial without demanding a jury. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Perego v. Dodge, 163 U. S. 160, 166, 16 S. Ct. 971, 41 L. Ed. 113."

And in *Houston v. Lloyd's,* 241 Md. 10, 14, 215 A. 2d 192 (1965), in upholding the validity of a local circuit court rule prescribing the time for making an election for a jury trial, Judge McWilliams stated for this Court:

> "It is well settled that the right to a jury trial may be subjected to reasonable regulation; indeed, it is generally acknowledged that it can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent. Virtually all of the busy courts in this country enjoy the benefits of statutes or rules similar to the rule here under attack and seldom has the validity of those statutes or rules been successfully challenged."

To the same effect, *see Bettum v. Mont. Fed. S. & L. Ass'n,* 262 Md. 360, 366, 277 A. 2d 600 (1971); *Shreffler v. Morris,* 262 Md. 161, 167-169, 277 A. 2d 62 (1971); *Md. Community Dev. Inc. v. S. R. C.,* 261 Md. 205, 210-213, 274 A. 2d 641, *appeal dismissed,* 404 U. S. 803, 92 S. Ct. 62, 30 L.Ed.2d 35 (1971); *Knee v. City Pass. Ry. Co , supra,* 87 Md. at 625-631. *See also* Chief Judge Orth's opinion for the Court of Special Appeals in *Thompson v. Giordano,* 16 Md. App. 264, 270-271, 277, 295 A. 2d 881 (1972), specifically involving the requirements of Maryland District Rule 343.

Petitioner seeks to overcome the principle that a failure to make a timely request for a jury trial constitutes a waiver of the right, as well as the principle that final judgments are not normally subject to collateral attack, by arguing that the district court judgment in the action by the landlord Collins to evict him was void. Petitioner contends that Code (1974),

§ 8-402 (b) of the Real Property Article, which gives a landlord a cause of action to evict a tenant holding over beyond his term, is *wholly* unconstitutional because it denies the right to a jury trial. Consequently, petitioner's argument continues, any judgment issued in an action grounded on § 8-402 (b) is void for lack of subject matter jurisdiction in the district court. Petitioner relies upon the general rule that a court's lack of jurisdiction over the subject matter renders its judgment a nullity and open to collateral attack. *See Cook v. Alexandria Nat'l Bank,* 263 Md. 147, 151-153, 282 A. 2d 97 (1971); *Bugg v. State Roads Comm'n,* 250 Md. 459, 461, 243 A. 2d 511 (1968); *Thomas v. Hardisty,* 217 Md. 523, 536, 143 A. 2d 618 (1958), and cases therein cited.

The answer to petitioner's argument is that § 8-402 (b) of the Real Property Article does not deny a jury trial to a party in a suit under that statute. Sec. 8-402 (b) authorizes the filing of a district court action by a landlord for restitution of his premises, and sets forth certain procedural requirements for the action. But the statutory provision is silent, and neutral, with respect to the right to a jury trial. As previously discussed, the pertinent provisions dealing with the right to a jury trial in such an action are Article XV, § 6, of the Maryland Constitution, and Code (1974), § 4-402 (e) of the Courts and Judicial Proceedings Article. Section 8-402 (b) of the Real Property Article is not subject to any constitutional infirmity on the ground that it denies a party the right to a jury trial.

Moreover, even if § 8-402 (b) of the Real Property Article did contain a clause expressly prohibiting jury trials in proceedings under that section, this would not render the entire section void, thereby doing away with the landlord's cause of action against a tenant holding over. Instead, the unconstitutional clause denying a jury trial would be deemed severable, and the remainder of § 8-402 (b) would be a viable statute. It is "the duty of the Court to separate the valid from the invalid provisions [of a statute] wherever possible." *Clark's Park v. Hranicka,* 246 Md. 178, 185, 227 A. 2d 726 (1967). *See also Anne Arundel County v. Moushabek,* 269 Md. 419, 428-430, 306 A. 2d 517 (1973); *Sanza v. Md.*

*Board of Censors,* 245 Md. 319, 338-339, 226 A. 2d 317 (1967). Consequently, there is no merit to petitioner's argument that § 8-402 (b) is unconstitutional in its entirety because of the asserted denial of a right to a jury trial. Petitioner may not escape the consequences of his waiver of a jury trial on the theory that the judgment in the § 8-402 (b) proceeding was rendered pursuant to an unconstitutional statute and was therefore void.

*Judgment affirmed.*
*Petitioner to pay costs.*