## WINSTON A. MULCHANSINGH *v.* COLUMBIA MANAGEMENT INC.

[No. 116, September Term, 1976.]

*Decided October 8, 1976.*

The cause was argued before MORTON, DAVIDSON and LOWE, JJ.

*William T. Glasgow* for appellant.

No appearance or brief for appellee.

LOWE, J., delivered the opinion of the Court.

The question before us is whether a party in landlord-tenant proceedings is entitled to a jury trial, and if so, under what circumstances. The answer seems clearly set forth by the Court of Appeals in *Bringe v. Collins,* 274 Md. 338.

The issue arose when Columbia Management Inc. (landlord) filed a Complaint in Summary Ejectment in the District Court of Maryland for Howard County against Winston A. Mulchansingh (tenant), for five months unpaid

rental of $496.35 per month, a percentage of the rent as provided by the lease and late charges of $585.00, for a total of $3802.11. The complaint was on the form provided by the District Court which

> ". . . prays by warrant to have again and repossess the premises, together with judgment for the amount of rent due and costs."

Tenant replied with a Notice of Intention to Defend and a Jury Demand, pursuant to Md. District Rules 302 and 343. The case was then transferred to the Circuit Court for Howard County. When the case came on for hearing,[1] the judge decided *sua sponte* that, based on the case of *Greenbelt Consumer v. Acme Mkts.*, 272 Md. 222, the circuit court lacked jurisdiction to hear the ejectment proceedings:

> " . . . And looking over the files, gentlemen, I find that in Law No. A-7586 that this is a complaint in Summary Ejectment whereby the landlord seeks to repossess his premises and then obtain a judgment of amount of rent due. And it is my opinion that under the holding of *Greenbelt Consumer v. Acme Markets* decided in 1974, and reported in *272* Md. *222* that this is a proceeding to repossess the premises, it's a landlord-tenant proceeding, and that the District Court of Maryland has exclusive jurisdiction and this Court does not, and therefore this Court must return it to the District Court for a determination of that issue."

In that case the landlord was not attempting to recover any property. The suit was brought in the district court by the landlord for $12,000 in accrued past due rent only. Following a verdict favorable to the landlord, the tenant appealed to the circuit court. The tenant argued that the district court was without jurisdiction to hear landlord's claim because the claim exceeded the monetary jurisdiction

---

1. To be heard were a Motion for Summary Judgment, a Jury Demand, a Motion for Consolidation of a suit by tenant against the landlord and a Motion Ne Recipiatur.

of that court, as set forth in Cts. Art., § 4-401 (1). The landlord agreed that its claim exceeded the monetary limit imposed by § 4-401 (1) but contended that the district court had "exclusive original" jurisdiction in *any* action involving a landlord and a tenant pursuant to § 4-401 (4). These sections read as follows:

"§ 4-401. EXCLUSIVE ORIGINAL JURISDICTION.

Except as provided in 4-402, and subject to the venue provisions of Title 6, [2] the District Court has exclusive original jurisdiction in:

(1) An action in contract or tort if the debt or damages claimed do not exceed $5,000;

. . .

(4) An action involving landlord and tenant, distraint, or forcible entry and detainer, regardless of the amount involved; ".

The court reasoned that § 4-401 (4) was not intended to provide unlimited monetary jurisdiction in the district court, but rather that:

" . . . the General Assembly intended to encompass within § 4-401 (4) only those possessory *in rem* or *quasi in rem* actions that provided a means by which a landlord might rapidly and inexpensively obtain repossession of his premises situated in this State or seek security for rent due from personalty located on the leasehold.

. . .

It follows from what we have said that the District Court of Maryland is without jurisdiction to render a judgment in excess of the $5,000 limit when it is instituted in a contract claim independent of one of the possessory actions to

---

2. The venue provisions of Title 6 are not relevant in this case.

which we have already referred." 272 Md. at 229-230.

The trial judge below, in the case at bar, extended the *Greenbelt* holding to mean that anytime a possessory action is filed with a contract and monetary claim, the district court has "exclusive" jurisdiction which, presumably, could not be ousted for any reason:

> "(Court) And the way your action is framed, I would find it to be a landlord-tenant case and not just a simple suit for damages and that would, therefore, keep it within the exclusive jurisdiction of the District Court. If you want to sue just for the rent then I, I think it's a different situation."

The tenant argued that because the landlord's monetary claim exceeded $500, he was entitled to a jury trial under § 4-402 (e) (1), which states that:

> "In a civil action in which the amount in controversy exceeds $500, a party may demand a jury trial pursuant to the Maryland District Rules."

But the trial judge did not agree, despite the prefatory language of § 4-401. He apparently believed that the concluding language of § 4-401 (4) excepted it from § 4-402 (e) (1), and held that the tenant was not entitled to a jury trial:

> "(Court) Well, you see, that's where I'm disagreeing with both your interpretations. I don't think it is, I think it's an action to recover the property while, also, to seek a judgment for the amount of the rent due. And I find that to be an entirely different proceeding than merely sueing for rent. The main part of the action is to eject the, the — It's entitled "Complaint in Summary Ejectment". In other words, they want to throw the tenant out. *And in that situation the District Court has exclusive jurisdiction regardless of the amount in controversy*. That's my opinion. Others may

differ, an appellate court may, may find, may clarify the issue but I'm convinced of that situation." (emphasis added).

An appellate court does differ. Indeed two of them appear to differ if our review of the cases in the Court of Appeals is correct. The reasoning of the very case upon which the judge relied, in our view, precludes the result at which he arrived.

In *Greenbelt* Judge Digges meticulously analyzed possible interpretations of § 4-401 (4). One contention made to that Court was that any action involving a landlord and tenant "relationship", regardless of the amount sued for, *must be brought* in district court. This suggestion was discarded as completely unreasonable because it would make the district courts' monetary jurisdiction in those cases "practically limitless." Judge Digges concluded that:

> "This alternative must be rejected as 'we should assume that the legislative body intended to reach a reasonable, rather than an unreasonable result . . . .' *Swarthmore Co. v. Kaestner*, 258 Md. 517, 527, 266 A. 2d 341 (1970)." 272 Md. at 228-229.

If we were to follow the reasoning of the trial judge here and hold that a suit combining a possessory action with a monetary claim "regardless of the amount in controversy" must be brought in district court, we would effect the unreasonable result rejected by Judge Digges.

Soon after *Greenbelt* the Court of Appeals was again confronted with a jurisdiction question relative to landlord-tenant cases in *Bringe v. Collins*, 274 Md. 338. The issue involved there was one more nearly related to our own, *i.e.*, the right of a jury trial in a landlord-tenant case. The facts of that case differ, however, in that in *Bringe* the suit was a possessory action alone, not coupled with a monetary claim. The question decided was primarily a constitutional one written in the light of *Pernell v. Southall Realty*, 416 U.S. 363.

In *Bringe* Judge Eldridge wrote for the Court of Appeals that, while the Seventh and Fourteenth Amendments to

the United States Constitution did not entitle the petitioner to a jury trial in a landlord-tenant action in Maryland courts, Art. XV, § 6 of the Md. Const. did. Section 6 provides:

> "The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the controversy exceeds the sum of five hundred dollars, shall be inviolably preserved." [3]

Holding that this clearly applied to a landlord-tenant action, Judge Eldridge explained:

> "For a party in a landlord-tenant action to be entitled to a jury trial, there must either be a claim for money damages over $500.00 or a claim that the value of the right to possession exceeds $500.00." 274 Md. at 347.

We, therefore, hold that when a landlord brings a monetary claim for rent in excess of $500.00 and a possessory claim in district court, the tenant defending is entitled to demand a jury trial. It is clear from the use of the disjunctive in Judge Eldridge's statement that both a monetary claim over $500.00 and an allegation that the right to possession exceeds $500.00 is not required.

Appellant is entitled to his day in court before a jury of his peers.

> *Judgment reversed.*
> *Case remanded to the Circuit Court*
> *for Howard County for trial in*
> *compliance with this opinion.*
> *Costs to be paid by appellee.*

---

**3.** It is clear that the Legislature enacted the provision in § 4-402 (e) to comply with the § 6 of Art. XV of the Md. Const. Ironically, that apparent exercise of caution has caused frequent misunderstandings.