Dear Senator and Delegates:
You have requested our opinion whether the District Court has jurisdiction over eviction actions brought by Armistead Homes Corporation, a cooperative housing corporation, against its member tenants, who occupy housing units under renewable 99-year leases.
For the reasons detailed below, it is our opinion that the District Court has jurisdiction to handle such a matter as a landlord-tenant proceeding. Of course, a defendant would have the right to remove the action to circuit court for a jury trial if the defendant's property interest in the unit exceeds $10,000.
 I Background
A. Armistead Homes Corporation
Armistead Homes Corporation ("the Corporation") is a nonprofit non-stock corporation that was established in 1955 to own and operate a housing development in Baltimore City known as Armistead Gardens. Under its articles of incorporation, membership in the Corporation is open only to persons who enter into a leasehold agreement for a housing unit in the development. Certificates of membership may be transferred only in conjunction with the transfer of the leasehold interest and in accordance with the by-laws of the Corporation.
The Corporation leases dwellings on the terms and conditions set forth in a standard lease, which incorporates an instrument entitled "Conditions of Dwelling Leaseholds" recorded in the land records, as well as in the articles of incorporation, by-laws, and the rules and regulations of the Corporation. Each lease is for a term of 99 years with an option to renew. Upon entering into the lease, the member pays a membership fee and a down payment on the "dwelling price." The member is obligated to make monthly payments to the Corporation that include a portion of the outstanding balance of the dwelling price with interest, repayment of any other loans relating to the dwelling, and operating charges (covering costs such as administration, insurance, maintenance, repairs, taxes, and utilities) set by the board of directors of the Corporation. Payment of the dwelling price is spread over 240 equal monthly installments; operating charges continue throughout the term of the lease.
Among the conditions incorporated in the lease is a requirement that the member, and the other occupants of the member's dwelling, respect the "comfort and peace of mind" of the neighbors and refrain from any act that is "a nuisance, annoyance, or inconvenience, or damage" to the Corporation or other residents of Armistead Gardens. Conditions of Dwelling Leaseholds, ¶ 5(a).
B. Eviction Actions
Subject to certain notice and procedural requirements, the Corporation may terminate the membership and lease agreement of a member who defaults on the member's obligations and repossess the dwelling unit.[1] Grounds for default include failure to make the required payments, and failure to comply with any of the covenants, agreements, or conditions under the lease, among other things. Dwelling Leasehold, Sections IV, V.
We understand that the members of the Corporation have embarked on a community effort to eliminate crime and illegal drugs in Armistead Gardens. This program involves the enforcement of lease conditions that require residents to respect the peace and comfort of mind of their neighbors and that prohibit nuisances. As part of this effort, the Corporation wishes to pursue eviction proceedings against violators under the expedited schedule available for landlord-tenant actions in the District Court.
 II Analysis
A. Jurisdiction of the District Court
The District Court is a court of limited jurisdiction. Maryland Constitution, Article IV, § 41A ("[t]he District Court shall have the original jurisdiction prescribed by law"). Except for juvenile causes, the Constitution requires that the District Court's jurisdiction be uniform throughout the State. Id.
Subject to limited exceptions, the District Court does not have equity jurisdiction or jurisdiction to decide the ownership of an interest in real property. Annotated Code of Maryland, Courts Judicial Proceedings Article ("CJ"), § 4-402(a)-(b). However, the District Court does have exclusive original jurisdiction in "[a]n action involving landlord and tenant . . . regardless of the amount involved." CJ § 4-401(4). Of course, this provision must be construed in conjunction with the constitutional right to a jury trial should the property interest exceed $10,000. See Maryland Declaration of Rights, Article 23; CJ § 4-402(e); see also Bringe v. Collins, 274 Md. 338, 345,335 A.2d 670 (1975).
Thus, whether the District Court has jurisdiction of an action by the Corporation to evict a member from Armistead Gardens based on a violation of the lease conditions depends on whether the relationship between the Corporation and its members is a landlord-tenant relationship.
B. Property Interest of Member in Dwelling Unit
There is no doubt that a membership in the Corporation, together with the related leasehold interest in a dwelling unit, constitutes a property interest. In exchange for a capital investment, a member obtains a right, under a proprietary lease,[2] to occupy a particular dwelling for a 99-year term with an option to renew, subject to periodic payments and the other conditions of the lease.
The Court of Appeals analyzed a similar property interest, called a "mutual ownership contract," in Green v. Greenbelt Homes,232 Md. 496, 194 A.2d 273 (1963). Under the mutual ownership contract in that case, a member purchased a "perpetual use right" for a particular dwelling unit in a cooperative housing development and was obligated to make periodic payments for operating expenses to the corporation. The mutual ownership contract also required the member to respect the "comfort and peace of mind" of other residents in language virtually identical to that in the Armistead Homes contract. 232 Md. at 498 n. 1. In the case before the Court of Appeals, a member whose contract had been terminated based upon "objectionable conduct" in violation of the contract argued that the termination was inconsistent with her property interest in the dwelling unit, which she characterized as an ownership, rather than a leasehold, interest. However, the Court of Appeals surveyed a number of authorities concerning cooperative housing corporations that characterized the relationship between a member and the corporation as "that of landlord and tenant." 232 Md. at 503 (quoting 1 Casner, American Law of Property). The Court concluded that there is "no practical difference between this contract and a lease which provides that it can be terminated by the lessor when its provisions as to the use to be made of the premises by the lessee are breached."232 Md. at 504.[3]
Similarly, when the Legislature enacted the Maryland Cooperative Housing Act in 1986, it made clear that a lease between a cooperative housing corporation and a member established a landlord-tenant relationship. See Chapters 833, 834, Laws of Maryland 1986, codified at Annotated Code of Maryland, Corporations Associations Article ("CA"), § 5-6B-01 et seq. Under that Act, each member of a cooperative housing corporation has a "cooperative interest" in the corporation that is deemed to be personal property. CA § 5-6B-01(g),(l), § 5-6B-16(a). The possessory interest in a dwelling unit evidenced by a proprietary lease is part of that cooperative interest. CA § 5-6B-16(b). The Act defines "proprietary lease" as "an agreement with the cooperative housing corporation under which a member has an exclusive possessory interest in a unit and a possessory interest in common with other members in that portion of a cooperative project not constituting units and which creates a legalrelationship of landlord and tenant between the cooperativehousing corporation and the member, respectively." CA § 5-6B-01(p)(1) (emphasis supplied).[4]
Armistead Gardens was established 30 years before the Maryland Cooperative Housing Act was enacted. However, it appears to fit the description of a cooperative housing corporation under the Act[5] and, accordingly, much of the Act, including the provisions cited above, would apply to it. CA § 5-6B-20(a). Moreover, the Corporation has the option of confirming its status under the Act should it choose to do so. See CA § 5-6B-20(f). Regardless of whether the Corporation elects this option, it is our view that the relationship between the corporation and its members is that of landlord and tenant.
C. Summary
Because the relationship between Armistead Homes Corporation and its members is properly characterized as a landlord-tenant relationship, the covenants set forth in, or incorporated into the lease, are enforceable in the District Court as a landlord-tenant matter. The Corporation could repossess a unit for a breach of the lease under the Annotated Code of Maryland, Real Property Article, § 8-402.1. Should the value of the member's interest exceed $10,000, the member would have the option of removing the case for a jury trial in circuit court.
 III Conclusion
The District Court has jurisdiction over an eviction proceeding brought by a cooperative housing corporation against a member of the corporation as a landlord-tenant proceeding. If the member's property interest exceeds $10,000, the member has the right to remove the case to circuit court for a jury trial.
 Very truly yours, J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] After the Corporation has repossessed the unit and leased it to a new member, the terminated member is entitled to receive the amount paid under the new agreement, less certain costs enumerated in the lease agreement and subject to any liens. Dwelling Leasehold, Sections V(E), VI.
[2] Although such a lease may bear some superficial similarities to a ground rent lease, it represents a different property interest. Under the typical Maryland ground rent lease, the owner of the land in fee leases it to the named lessee for the period of 99 years, renewable forever under certain conditions, including the payment of the "ground rent" generally on a semi-annual basis. See Jones v. Magruder, 42 F. Supp. 193, 195
(D.Md. 1941). However, a ground rent lease does not entail membership in a corporation or include the other types of covenants found in a proprietary lease. See also Annotation,Transfer of, and voting rights in, stock of co-operativeapartment association, 99 A.L.R. 2d 236, 237 (1965).
[3] The Court distinguished a prior decision in which it had held that a purchaser-lessee of a cooperative apartment unit was an "owner" for purposes of a federal rent control statute.See Tudor Arms Apts. v. Shaffer, 191 Md. 342, 62 A.2d 346 (1948). The Court noted that this holding involved interpretation of the rent control statute and did not mean that a member of a cooperative housing development had a fee simple interest.Greenbelt Homes, 232 Md. at 502.
[4] It is notable that an interest in a condominium does not create a landlord-tenant relationship. Under the Maryland Condominium Act, each unit has all of the incidents of real property and each unit owner has an undivided percentage interest in the common elements equal to that set forth in the declaration.See Annotated Code of Maryland, Real Property Article ("RP"), §§ 11-106 and 11-107(a). The owner of a condominium obtains both a fee simple interest in the owner's individual unit and a fee simple interest as a tenant in common in the common elements. See
64 Opinions of the Attorney General 334, 335 (1979).
[5] The Act defines a "cooperative housing corporation" as "a domestic or foreign corporation qualified in this State, either stock or nonstock, having only one class of stock or membership, in which each stockholder or member, by virtue of such ownership or membership, has a cooperative interest in the corporation." CA § 5-6B-01(f).
 *Page 271