# HAUVER *v.* DORSEY

[No. 290, September Term, 1961.]

*Decided May 3, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*William A. Fisher, Jr.,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*John F. Whitney* and *Daniel S. Sullivan, Jr.,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This case presents a narrow question whether a failure to comply with the provisions of Maryland Rule 105 deprived the court below of jurisdiction to foreclose a tax lien under Code (1957), Art. 81, sec. 107.

G. Edwin Johnston died on December 8, 1953, leaving a will wherein he devised the property known as 30 Burke Avenue, Towson, Maryland to the appellant Jeanne Hauver, but the will was not probated in Maryland. Real estate taxes being in arrears, the property was sold at a tax sale on December 1, 1958, and a certificate issued to the purchaser, J. M. Dorsey. On June 9, 1960, the appellee filed a bill of complaint to foreclose the right of redemption. A writ of summons was issued addressed to G. Edwin Johnston, 400 Jones Law Annex Building, Pittsburg, Pennsylvania, his last known address. The writ was returned "non est" by the sheriff, and a second writ was likewise returned "non est". An order of publication was signed and duly published, and on July 8, 1960, a certifi-

cate filed. No attack is made upon the publication itself. But no affidavit was filed in the case. The circuit court entered its decree on August 31, 1960, foreclosing the rights of redemption of G. Edwin Johnston. On September 26, 1961, the appellant filed her petition asking that the decree be set aside. A demurrer to the petition was sustained. This appeal is from an order dismissing the petition.

Code (1957), Art. 81, sec. 107 provides in part:

> "At the same time the subpoena is issued in accordance with the provisions of § 106, the court shall order the issuance of an order of publication directed to all parties defendant, known and unknown, naming the known parties defendant and including the unknown parties defendant and all other persons having an interest in the property by the designations hereinbefore provided for. The order of publication shall issue in the manner now, or which may be hereafter prescribed by law, for the issuance of an order of publication against nonresidents except as otherwise provided for in this subtitle, and shall be published and the publication thereof proved as in cases of orders of publication against nonresidents. * * *."

This section was last enacted by chapter 420 of the Acts of 1945. Under the statute then in effect (Code (1951), Art. 16, sec. 160), the practice did not require the filing of any affidavit. However, this section was repealed by chapter 399, sec. 1, of the Acts of 1957, and publication against nonresidents was thereafter covered by Maryland Rule 105, approved in substantially its present form to take effect on January 1, 1957. Cf. *Richardson v. Richardson,* 217 Md. 316, 319. Subsection g of Rule 105 provides in part:

> "Where notice by publication alone has been given, because the residence or whereabouts of the defendant is unknown, no interlocutory or final judgment for the plaintiff shall be given until proof is made by affidavit to the satisfaction of the court that rea-

sonable efforts to locate the defendant and to warn him of the pendency of the action, have been made. The failure of the plaintiff to make such reasonable effort in good faith, and to offer proof thereof, shall be ground for the postponement or denial of the entry of a decree *pro confesso,* judgment by default or a final judgment. * * *."

An editor's note indicates that the subsection was new, derived in part from General Equity Rule 10A, which applied only to suits for divorce and annulment. See *Graham v. Graham,* 190 Md. 434, 448. A note to subsection e states that the requirement of notice by registered mail, where the residence of a person is known, was also new, and an extension of the former practice under General Equity Rule 10A "to in rem proceedings at law and in equity."

We think it was the purpose and effect of the language of Art. 81, sec. 107, above quoted, to adopt whatever is the current legal procedure in regard to publication against nonresidents. The Rules of this Court, of course, have the force of law, replacing inconsistent legislative provisions, subject only to the power of the Legislature to provide otherwise. Here the Legislature expressly repealed the procedure set up in former section 160 of Article 16 of the 1951 Code. We find no intention that the procedure formerly applicable to the foreclosure of tax sales should be preserved. Exceptions to the new procedure were spelled out in subsection i of Rule 105, and there is no reference here to tax sales. See also Rule 1000. The appellee argues that because Rule BS 40 provides that "[t]he procedure for tax sales shall be in accordance with Code, Article 81, Sections 70 to 123", there was no intention to change the former procedure. This argument overlooks the language of section 107 that "[t]he order of publication shall issue in the manner now, or which may be hereafter prescribed by law, * * *." See *In re Guenthoer's Estate,* 83 Atl. 617 (Pa.), and annotation in 168 A.L.R. 627. We think Rule 105 is applicable.

Code (1957), Art. 81, sec. 112 provides in part:

> "At the expiration of the time limited in the order of publication, and in the subpoena, the court shall pass its decree in the proceedings, in accordance with the general equity jurisdiction and practice of the said court. The decree shall be final and conclusive upon the defendants, their heirs, devisees and personal representatives and their or any of their heirs, devisees, executors, administrators, assigns, or successors in right, title or interest, and all defendants shall be bound by the said decree as if they had been named in the proceedings and personally served with process. * * *."

Section 113 provides in part:

> "No application shall be thereafter entertained to reopen any final decree rendered under the provisions of this subtitle except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. * * *."

There is no suggestion of fraud in the instant case. The petition alleged that the devisee had no notice of the tax sale or of the proceeding to foreclose, and relied solely upon the failure to file an affidavit of service by registered mail or of reasonable efforts to locate the testator who died in 1953. It did not allege that appellee knew of the death of Mr. Johnston, or that a search of the land records could have disclosed it. Cf. *James v. Zantzinger,* 202 Md. 109, 115, and *Sanchez v. James,* 209 Md. 266. There is no question here, as there was in *Brashears v. Collison,* 207 Md. 339, and *Holland v. Billingsley,* 208 Md. 635, as to a lack of necessary parties. The only question is whether the failure to file the affidavit is a jurisdictional defect.

It is well settled that tax foreclosure proceedings are *in rem* and not *in personam. Sanchez v. James, supra* (p. 270); *Thomas v. Hardisty,* 217 Md. 523, 533. Unlike the situation in the *Thomas* case, there was here no misdescription of the property sold. The decedent was a nonresident, so that there was no necessity in statutory or constitutional law that there

be personal service. Cf. *Master v. Master,* 223 Md. 618, 624 and cases cited. The court in the instant case had jurisdiction of the subject matter, and notice by publication was duly given.

The appellant relies strongly upon *Graham v. Graham, supra,* where a decree of divorce was set aside for noncompliance with former Rule 10 A. That rule was promulgated to enable the courts to deal with a specific problem of fraudulent divorces. Cf. *Croyle v. Croyle,* 184 Md. 126. In the *Graham* case the wife had been proceeded against as a nonresident when in fact she was a resident. The court did not decide that failure to comply with the rule was a jurisdictional defect. The ground of decision was surprise, and stress was laid upon the fact that it was a divorce case. There was not only a failure to show a *bona fide* effort to notify the wife, but it was admitted that she could have been located by a reasonable effort. That is not the situation in the instant case. *Johnson v. Robertson,* 31 Md. 476, is also distinguishable on the ground that there was no proof of publication.

We may assume that the issuance of an order of publication under section 107, *supra,* is a jurisdictional requirement to bar the claim of a known or unknown party defendant, or one claiming under him. The question is whether Rule 105 adds an additional requirement of a jurisdictional character. We think not. The manner in which the order issues is governed by the rule. But while the rule states that a party shall file an affidavit of the mailing of a notice, where a person's residence or whereabouts is known, or if unknown, an affidavit of reasonable efforts to locate and warn such person, it is not declared, in terms, that this would affect the jurisdiction of the court. The rule certainly does not require personal service, but, in effect, only a showing of good faith on the part of the plaintiff. While it is stated that no final judgment shall be given until proof is made by affidavit to the satisfaction of the court, it is further stated that the failure of the plaintiff to offer proof by affidavit of such reasonable effort in good faith shall be ground for the postponement or denial of the entry of a decree. We think the latter provision indicates the nonjurisdictional character of the affidavit.

In *Kennard v. McKamer Realty Co.*, 224 Md. 490, 494, it was noted that a decree had been entered without proof by affidavit as to what efforts had been made to locate and warn the defendants of the pendency of the action. The defect was not treated as jurisdictional, because the matter was held to be barred by *res judicata* (p. 498). See also *Heethuis v. Kerr*, 161 N. W. 910 (Mich.). We think the cases of *Faulkner v. Kirkes*, 276 P. 2d 264 (Okla.), and *Correll v. Greider*, 92 N. E. 266 (Ill.), relied on by the appellant, are distinguishable, for there the affidavits were required to state facts that were made conditions precedent to any service by publication.

We have frequently pointed out that the tax sales law was designed to improve the marketability of tax titles. See *Thomas v. Kolker*, 195 Md. 470, 475. Petitioner was less than diligent in failing to ascertain that taxes were in default, that the sale had been made, and a proceeding to foreclose instituted. Cf. *James v. Zantzinger, supra* (p. 115). We see no reason to hold that a procedural requirement, designed to prevent imposition upon the court and require a reasonable effort in good faith to locate and warn the owner, creates a jurisdictional defect in the fundamental sense of preventing the court from dealing with the subject matter and the parties before it. This conclusion is reinforced by the provisions of Art. 81, sec. 112.

*Order affirmed, with costs.*