## MOSES H. KARKENNY *v.* MICHAEL MONGELLI ET UX.

[No. 215, September Term, 1976.]

*Decided March 9, 1977.*

The cause was argued before POWERS, MASON and LISS, JJ.

Moses H. Karkenny in proper person.

*Leonard A. Orman* for appellees.

POWERS, J., delivered the opinion of the Court.

This case involves the finality of a decree foreclosing the right of former owners to redeem land sold for failure to pay

taxes. We shall first outline so much of the proceedings in the foreclosure case as bear on the issue in the case now before us.

On 28 October 1970, at a tax sale held by the Collector of Taxes for Howard County, Moses H. Karkenny purchased several parcels of land, among them a subdivision lot owned by Michael P. Mongelli and Annette J. Mongelli, his wife. The purchaser received an appropriate Certificate of Sale from the Collector.

On 1 November 1971 Mr. Karkenny filed in the Circuit Court for Howard County a "Bill of Complaint to Foreclose Equity of Redemption", naming the Mongellis and others as defendants, describing the property of each, and praying for a decree foreclosing all rights of redemption. An Order of Publication was filed, and duly published. Summonses were issued. Those issued for service upon Mr. and Mrs. Mongelli were twice returned "non est".

The court, on motion, on 28 December 1971, entered a Decree Pro Confesso as to the owners of the six parcels of land still involved in the proceedings. Among them were the Mongellis. On 1 February 1972 Mr. Karkenny filed an "Affidavit of Search", which related to title to the properties. The affidavit also recited a search of telephone books, and the making of other inquiries, but those searches and inquiries must be read as limited to only one of the defendants, a corporation. There was no statement of any attempts to notify the Mongellis of the proceedings by any means other than the summonses and the order of publication.

On 3 February 1972 the court, Macgill, J., signed, and the clerk filed, a Final Decree foreclosing as to the defendants all rights of redemption in the properties described. The decree named the Mongellis, and described their property. The decree also ordered the Collector of Taxes to execute and deliver a deed conveying the property in fee simple to Moses H. Karkenny, upon payment of any balance of the purchase price and of any taxes due. The deed was duly executed and recorded.

The present case was initiated by Mr. and Mrs. Mongelli, on 28 February 1973, when they filed a bill of complaint [1] in the Circuit Court for Howard County against Moses H. Karkenny and the Collector of Taxes for Howard County, praying that the final decree entered in the earlier equity case which purported to foreclose their equity of redemption be cancelled and voided, and that they be given an opportunity to redeem the property.

After various proceedings, including an answer by Mr. Karkenny to an amended complaint, the case was tried before Judge Stuart F. Hamill, sitting in the Circuit Court for Howard County. Mr. Mongelli and Mr. Karkenny were the only witnesses. The entire record in the tax foreclosure case, Equity No. 8095, was offered and received in evidence.

At the conclusion of the evidence, and arguments of counsel, the Chancellor ruled. He said:

> "All right, then, I'm of the opinion that the failure on the part of the respondent in this proceeding to supply a sufficient affidavit as is required by Rule 105 has not been complied with, that the affidavit that is in the file is insufficient, and therefore Rule 105 has not been complied with. And for that reason the prayers of the bill of complaint will be granted, and the Court will sign a decree setting aside and vacating the final decree in * * * number 8095 Equity, wherein the right of redemption was foreclosed."

A written Order, signed by the judge on 10 February 1976, filed on 18 February 1976, cancelled, vacated and voided both the final decree foreclosing the Mongellis' right to redeem the property, and the conveyance of the property to Moses H. Karkenny. The order further permitted the Mongellis to redeem the property, upon reimbursement of expenses as defined in the statute.

---

1. Tax foreclosure decrees are often attacked by a motion or petition filed in the same case, but it is also proper to do so by filing an original bill to vacate an enrolled decree for fraud. Master v. Master, 223 Md. 618, 623, 166 A. 2d 251 (1960); Kaylor v. Wilson, 260 Md. 707, 273 A. 2d 185 (1971).

In this appeal by Mr. Karkenny from that order, the issue is a narrow one. The position of the Mongellis below, and their position as argued in this Court, is that the decree and deed in the foreclosure case resulted from constructive fraud for failure of Mr. Karkenny to comply with Maryland Rule 105, as required by Code, Art. 81, §§ 106 and 107. In addition to his contentions that the requirements of Rule 105 are not jurisdictional, and that he did in fact make reasonable efforts to locate and warn the defendants, the appellant argues that the decree of foreclosure was conclusive under Art. 81, § 113, and could not be reopened on the ground of constructive fraud, since the application to reopen was not made within one year from the date of the decree.

We are compelled to agree with the appellant, and we must reverse the order of the circuit court.

We fully agree with the Chancellor in his conclusion that Mr. Karkenny failed to file an affidavit sufficient to meet the requirements of Rule 105. That Rule is applicable, because of the provisions of Art. 81, §§ 106 and 107 relating to personal service and service by order of publication. Although Rule 105 is applicable, compliance with it is not jurisdictional. This precise question was the issue in *Hauver v. Dorsey*, 228 Md. 499, 180 A. 2d 475 (1962). Judge Henderson wrote, for the Court of Appeals, at 504-05:

> "We may assume that the issuance of an order of publication under section 107, *supra*, is a jurisdictional requirement to bar the claim of a known or unknown party defendant, or one claiming under him. The question is whether Rule 105 adds an additional requirement of a jurisdictional character. We think not. The manner in which the order issues is governed by the rule. But while the rule states that a party shall file an affidavit of the mailing of a notice, where a person's residence or whereabouts is known, or if unknown, an affidavit of reasonable efforts to locate and warn such person, it is not declared, in terms, that this would affect the jurisdiction of the court. The

rule certainly does not require personal service, but, in effect, only a showing of good faith on the part of the plaintiff. While it is stated that no final judgment shall be given until proof is made by affidavit to the satisfaction of the court, it is further stated that the failure of the plaintiff to offer proof by affidavit of such reasonable effort in good faith shall be ground for the postponement or denial of the entry of a decree. We think the latter provision indicates the nonjurisdictional character of the affidavit."

\* \* \*

"We see no reason to hold that a procedural requirement, designed to prevent imposition upon the court and require a reasonable effort in good faith to locate and warn the owner, creates a jurisdictional defect in the fundamental sense of preventing the court from dealing with the subject matter and the parties before it."

In *Jannenga v. Johnson*, 243 Md. 1, 220 A. 2d 89 (1966), upon which appellees principally rely, the pendulum swung in the other direction. In that case the former owner filed suit to vacate a decree foreclosing the right of redemption in certain real estate. The sale and foreclosure proceeding arose from a clerical error, because the taxes had in fact been paid. There was no personal service in the foreclosure case. An order of publication was published, but no copy was personally served upon or mailed to the owner, although her address clearly appeared in the tax records. No affidavit was filed showing compliance with Rule 105, but there was no claim of actual fraud by the purchaser in the conduct of the proceedings. The suit to vacate the decree was filed four or five months from the date of the decree.

The Court noted that *Hauver v. Dorsey, supra,* had held that failure to comply with the requirements of Rule 105 was not a jurisdictional defect, and recognized that Art. 81, § 113 provided

"* * * that a decree setting aside an owner's equity of redemption in property conveyed at a tax sale shall be conclusive and may not be reopened 'except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose.' " At 4.

The Court in *Jannenga* concluded, at 4-5:

"We hold, however, that before one may proceed by order of publication pursuant to section 107 of Article 81, he is required by that section to comply with the provisions of Maryland Rule 105 and to make a good faith effort to furnish the defendant with such personal notice as would reasonably inform him of the proceedings against his property. A failure to provide such notice or to make a good faith effort to do so may not amount to actual fraud in that one may not have been compelled by malicious motives to deceive the defendant, but it does, in any event, amount to constructive fraud since Jannenga, regardless of moral guilt or intent to deceive, failed to perform a legal duty. The Court in *Hauver* did not pass upon the issue of constructive fraud present in the case at bar.

"The law declares this failure to comply with the requirements of Maryland Rule 105 to be fraudulent because of its tendency to deceive those who might otherwise not be notified of proceedings to foreclose their property rights except by the essentially *pro forma* means of publication." (Citations omitted.)

Under the law as we have discussed it, Mr. Karkenny's failure to comply with the requirements of Rule 105 did indeed amount to a constructive fraud, sufficient to justify the voiding of his decree and deed as to the Mongellis, had they made their attack upon the decree within one year from its date. But the application of the *Jannenga* ruling was curtailed by the General Assembly two years later when it amended Art. 81, § 113 by enacting Chapter 729, Laws of

1968, effective 1 June 1968. The amendment added these words:

"provided, however, that no reopening of any final decree on the ground of constructive fraud in the conduct of the proceedings to foreclose shall be entertained unless the application therefor with regard to decrees heretofore rendered is made within one year following the effective date of this act and with regard to decrees hereafter rendered is made within one year from the date of the final decree."

The final decree foreclosing the Mongellis' right of redemption was dated and filed on 3 February 1972. The application to reopen that decree on the ground of constructive fraud was made on 28 February 1973, more than one year later.

*Order reversed.*

*Amended bill of complaint dismissed with prejudice.*

*Appellees to pay costs.*