534 A.2d 1353

Norman PETERSON

v.

STATE of Maryland.

No. 419, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 7, 1988.

John D. Thompson (Kroop, Kurland & Rosenberg, on the brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., John S. Bainbridge, Jr., Asst. Atty. Gen., Kurt T. Schmoke, State's Atty. for Baltimore City and Melody Shaw, Asst. State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Argued before BLOOM, KARWACKI and WENNER, JJ.

BLOOM, Judge.

Norman Peterson appeals from an April 6, 1987, order of the Circuit Court for Baltimore City revoking his probation and reinstating consecutive sentences, totalling three years, that had been imposed by the court in January 1984. The sole contention raised in this appeal is that the wrong judge presided over the revocation hearing.

For reasons set forth herein, we reverse the judgment and remand for further proceedings.

### Facts

On January 6, 1984, appellant appeared in the Circuit Court for Baltimore City to face charges of driving while intoxicated and driving on a revoked or suspended license. Judge Alan Resnick, of the District Court, temporarily assigned to the Circuit Court for Baltimore City pursuant to Md. Rule 1202(a)(1), presided at appellant's trial. Upon finding appellant guilty on both charges, Judge Resnick imposed two consecutive sentences of eighteen months im-

prisonment but suspended the sentences and, pursuant to Md. Code Ann. art. 27 § 641A, placed appellant on probation for a period of three years.

On July 25, 1986, appellant's probation officer submitted a report requesting the arrest of appellant for violation of conditions of his probation. Appellant was arrested, and on August 11, 1986, a hearing on the violation of probation charge was scheduled for April 6, 1987, before Chief Judge Robert Hammerman of the Baltimore City Circuit Court.

At the April 6, 1987, hearing, appellant's attorney entered his appearance and promptly thereafter engaged in the following colloquy with Judge Hammerman:

[APPELLANT'S ATTORNEY]: ... I notice that this is a violation of a sentence imposed upon by His Honor Judge Resnick while sitting in the Circuit Court on January 6th, 1984 and Judge Resnick is still a member of the judiciary in the same capacity he was on January 6th, 1984 and I question why we are not before Judge Resnick since this is his case.

THE COURT: Because he is not sitting in the same capacity now that he was at that time. At that time he was sitting as a judge of the Circuit Court for Baltimore City. Today he is sitting as a judge of the District Court for Baltimore City. He is not assigned to this bench, and it is the practice of this bench, as authorized by the Maryland Rules, that when the judge who imposed the original sentence is not available for further proceedings it may be assigned to another judge of that bench. Judge Resnick is no longer a judge assigned to the Circuit Court for Baltimore City.

APPELLANT'S ATTORNEY: If Your Honor please, for the record, it is my opinion that his Honor Judge Resnick is available. He is still the same associate District Court judge that he was on January, 1984 and I just question why this case is not being presented—

THE COURT: Well, you are making the same statement and asking the same question you did a moment ago and I can only say I repeat the same answer.

APPELLANT'S ATTORNEY: Just officially on behalf of my client, I ask that this matter be referred to Judge Resnick for disposition.

THE COURT: Your request is denied....

After hearing testimony from appellant's probation officer and arguments of counsel, Judge Hammerman revoked appellant's probation and reinstated appellant's original sentence (less credit for time already served).

Appellant contends that the order revoking his probation and reimposing the original sentence should be reversed because, under Md. Rule 4–346(c), Judge Resnick, the sentencing judge, and not Judge Hammerman, should have conducted the revocation hearing.

### Law

Maryland Rule 4–346(c) reads:

**(c) Hearing on Violation of Conditions.**—On motion of the State's Attorney or by its own order, the court may hold a hearing to determine whether any condition of probation has been violated. The motion or order shall state each violation of conditions charged and shall be served on the defendant in sufficient time before the hearing to permit a reasonable opportunity to rebut the charges. *The hearing shall be held before the sentencing judge, whenever practicable.* The provisions of Rule 4–242 do not apply to an admission of violation of conditions of probation. (Emphasis added.)

The State, however, argues that Rule 4–346(c) was not violated because the emphasized language of the rule, *supra,* is directory and not mandatory, and that under Md. Code Ann. art. 27, § 642, it was entirely proper for Judge Hammerman to preside over the revocation hearing.

Section 642 of Article 27, applicable to the Circuit Courts, specifically provides, *inter alia,* that when one judge imposes probation that probation may later be revoked by a

463

different judge.[1] On the other hand, the statute defining the powers of District Court judges with respect to imposition and suspension of sentence and probation greatly restricts the authority of one judge to revoke probation granted by another judge. Article 27, § 643A(d), in contrast with § 642, provides that a charge of violation of probation must be heard by the judge who originally heard the matter and imposed the terms of probation and, if probation is revoked, the defendant is to be sentenced by the same judge "unless he has been removed from office, has died or resigned, or is otherwise incapacitated, in any of which event any other judge of the District Court has full power to act in the matter."

Rule 4–346(c), which has the effect of law [2] and is applicable to Circuit Courts and the District Court (*see* Md. Rules

---

1. Section 642 reads, in pertinent part, as follows:

   Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding ... for a definite time places the offender upon probation ... and that person at any time thereafter is brought before the court ... for a violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court, if he determines that the offender violated the terms and conditions of probation, may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted....

2. The authority of the Court of Appeals to make rules governing practice and procedure in the courts of Maryland is conferred by Article IV, § 18(a) of the Maryland Constitution, which reads:

   The Court of Appeals from time to time shall adopt rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law. The power of courts other than the Court of Appeals to make rules of practice and procedure, or administrative rules, shall be subject to the rules and regulations adopted by the Court of Appeals or otherwise by law.

   *See also, Hauver v. Dorsey,* 228 Md. 499, 180 A.2d 475 (1962); *State v. Diggs,* 24 Md.App. 681, 332 A.2d 283 (1975).

1–101 and 4–101), is not inconsistent with and does not supersede or supplant §§ 642 and 643A(d) of Article 27. Instead, the rule and the statutory sections complement each other and together provide a comprehensive scheme with regard to which judge should preside at a probation revocation hearing. A brief history of the rule should make this evident.

In January of 1976, the Standing Committee on Rules of Practice and Procedure for Maryland issued its Fifty-third Report. 3 Md. Reg. 8. Within that report was Rule 775, the precursor of present Rule 4–346. The pertinent section of proposed Rule 775 read:

> c. Hearing on Violation of Conditions.
>
> Upon the motion of the State's Attorney or upon its own motion, the court may hold a hearing to determine whether any condition of probation has been violated. The motion shall state each violation of conditions charged and shall be served on the defendant sufficiently before the hearing to permit him a reasonable opportunity to rebut the charges. *The hearing should be held by the sentencing judge.*

3 Md. Reg. 25 (emphasis added).[3] The bench and bar were asked to comment on the proposed rules contained in the Fifty-third Report. Judge Adkins, then State Court Administrator, expressed some concern over the emphasized language found in proposed Rule 775(c), believing that the apparent overruling of art. 27, § 642 was not desirable. He felt that some flexibility should be built into Rule 775(c).

---

The Attorney General of Maryland opined that Md. Const. art. IV § 18(a) does not confer exclusive rule making power to the judiciary. Rather, § 18(a) recognizes an allocation to both the General Assembly and the judiciary of concurrent power over the rules of judicial administration and procedure. 66 Op. Att'y Gen. 80 (1981).

**3.** Proposed Maryland District Court Rule (M.D.R.) 775 was in accord with proposed Circuit Court Rule 775 except that proposed M.D.R. 775 had "... upon its order ..." instead of "... upon its own motion ..." and "the motion or order shall state ..." instead of "the motion shall state...." 3 Md.Reg. 36.

To that end, as an example, Judge Adkins referred the Rules Committee to Md. Code Ann. art. 27, § 643A(d), providing (with respect to the District Court) that the original judge who sentenced the probationer should also preside at the revocation of probation unless the sentencing judge "has been removed from office, has died or resigned, or is otherwise incapacitated...." *See,* Memorandum to the Judges of the Court of Appeals Concerning Chapter 700 Rules (Fifty-third Report) Comments, March 10, 1972, p. 22, located in the Rules Committee files. Judge Rea, then a judge of the District Court (District Five), expressed the same concern as did Judge Adkins. Judge Rea stated the proposed Rule 775(c) should be amended to read "the [revocation] hearing should be held by the sentencing judge provided he is not disabled or deceased." *Id.*

Judges Alpert and Hinkel, then judges of the District Court (Eighth District), commenting on proposed Rules 750 and M.D.R. 750,[4] stated:

> [T]hat the Judge who presided at trial, (or who accepted a plea of guilty or *nolo contendere* ), is more ably equipped to impose sentence and/or to make determinations with respect to alleged violations of probation than a different judge presiding in the court at the time of sentencing or hearing on a violation of probation.

*See,* Memorandum to the Honorable, The Judges of the Court of Appeals Concerning Proposed Rules 750 and MDR 750 from Judges Paul E. Alpert and J. William Hinkel, September 24, 1976, located in the Rules Committee Files with materials for present Rule 4–346(c). Judges Alpert and Hinkel suggested that the Maryland Rules should impose a standard whereby the original judge who proposed probation should be the same one to revoke that probation *"unless there are compelling reasons in a specific case to*

---

4. Proposed Rule 750 and M.D.R. 750 dealt with the analogous situation of which judge should preside after the original judge had become disabled. *See,* 3 Md.Reg. 21, 35. Rule 750 and M.D.R. 750 were adopted by the Court of Appeals as proposed, *see,* 4 Md.Reg. 250, 271, and are presently found at Md. Rule 4–361.

*provide otherwise." Id.* (emphasis in original). They suggested that compelling reasons "would have to be determined on a case-by-case basis." *Id.*

In apparent agreement with comments such as those stated by Judges Adkins, Rea, Alpert and Hinkel, the Rules Committee amended the language of Rule 775(c) to read:

On the motion of the State's Attorney or on its order, the court may hold a hearing to determine whether any condition of probation has been violated. The motion or order shall state each violation of conditions charged and shall be served on the defendant sufficiently before the hearing to permit him a reasonable opportunity to rebut the charges. *The hearing is to be held whenever practicable by the sentencing judge.*[5]

4 Md.Reg. 255 (emphasis added). Rule 775 became effective on July 1, 1977 (4 Md.Reg. 235); it is now Md. Rule 4-346.

With this history in mind, we now turn to the apparent inconsistencies between Rule 4-346(c) and Sections 642 and 643A(d) of article 27. As noted *supra,* § 642 permits any judge presiding in the circuit court to conduct a probation revocation hearing even if that judge did not impose the original sentence or probation. Section 643A(d), in effect, mandates that in the District Court the judge, if that judge is still on the bench, who imposed probation be the same judge to hear the probation revocation. Md. Rule 4-346(c) provides that "whenever practicable" the revocation of probation shall be heard by the sentencing judge. Because Md. Rule 4-346(c) has the force of law, our starting point is with that rule. A judge, whether in the District or Circuit

---

5. M.D.R. 775(c) was the same as Rule 775(c). 4 Md.Reg. 273. When Rule 775(c) was revised as Rule 4-346(c), the language of "is to" was replaced by "shall" and the "whenever practicable" language was moved to the end of the sentence. These were the only pertinent changes of the newly revised Rule. Rule 4-346(c), therefore, still carries the same substantive aspects as did former Rules 775(c). *See,* Minutes of the Rules Committee, October 15/16, 1982 located in the Rules Committee files.

Court, who imposes the probation shall be the one to revoke that probation "whenever practicable." Since the District Court is a single state-wide court, it is deemed practical for any active judge of that court who is not "incapacitated" to preside over a hearing to revoke any order of probation *that judge* imposed. With respect to the Circuit Courts, "whenever practicable" should be decided on a case-by-case basis with a fact-finding process to determine if it *is* practicable to have the judge who imposed probation preside at the revocation proceeding. *See,* Memorandum to the Honorable, The Judges of the Court of Appeals Concerning Proposed Rules 750 and MDR 750 From Judges Paul E. Alpert and J. William Hinkel, September 24, 1976, located in the Rules Committee files. To hold otherwise would require that "whenever practicable" be specifically defined, which would vitiate the flexibility of the rule and its use of the word "practicable," [6] whereas flexibility was deemed particularly desirable. *See,* Memorandum to the Judges of the Court of Appeals Concerning Chapter 700 Rules (Fifty-third Report) Comments, *supra,* wherein Judge Adkins stated that "flexibility should be built" into the rule. Accordingly, what is "practicable" within the contemplation of Rule 4–346(c) should be determined on a case-by-case basis, based upon information presented to the Court concerning the availability of the judge who originally imposed probation to preside at the probation revocation hearing.

As applied to the circuit courts, Rule 4–346(c) severely limits the authority granted by art. 27, § 642; only if the court determines, on a case-by-case basis, that it is not practicable for the judge who originally imposed probation to preside at the revocation hearing will the authority of substitution under the statute apply to permit any other circuit court judge to conduct the hearing. With respect to the District Court, however, the standard of impracticality

---

**6.** *The Random House Dictionary of the English Language* (unabridged ed. 1979) defines "practicable" as "capable of being done, effected or put into practice, with available means; feasible; a practicable solution."

is established by the statute itself—death, removal from office, resignation, or incapacity. Art. 27, § 643A(d).[7] The

---

**7.** The following time-line of the relevant statutes concerning which judge should preside at a probation revocation hearing should make it clear that each respective statute and its attendant standard is still law and has not been overruled by inconsistency. *See, Farmers & Merchants National Bank of Hagerstown v. Schlossberg,* 306 Md. 48, 507 A.2d 172 (1986); *Dept. of Nat. Resources v. France,* 277 Md. 432, 357 A.2d 78 (1976); *Saunders v. State,* 8 Md.App. 143, 258 A.2d 776 (1969) (where two statutes are inconsistent so as to create a irreconcilable conflict between them, the later statute will prevail so as to supersede, and impliedly repeal the earlier statute in the absence of an express repealing clause).

1.  1927 Md.Laws 398—enacted the predecessor to Md.Ann. Code art. 27, § 642. That statute referred to "any of the Courts of Record, of this State, having criminal jurisdiction...." The title to the bill specifically states that it applies to judges of "the Criminal Court of Baltimore City, or the Circuit Court of any County of the State...." It could not, of course, apply to the District Court as the District Court was not created until July 5, 1971. *Thompson v. Giordano,* 16 Md.App. 264, 295 A.2d 881 (1972).

2.  1970 Md.Laws 528—created the District Court System. Included within that chapter was Md.Ann. Code art. 26, § 146(f), the predecessor to Md.Ann. Code art. 27, § 643A(d). Hence, the General Assembly created two different standards as to which judge could revoke a probation. One permitted any judge to do so in the Circuit Courts, the second permitted only the judge who sentenced the defendant to probation to revoke it in the District Court, unless that judge had "been removed from office, ha[d] died, resigned or, otherwise become incapacitated...." In which case, "any other judge of the District Court" could revoke probation.

3.  1973 Md.Laws (Spec.Sess.) 2, § 10 recodified Md.Ann. Code art. 26, § 146(f) as Md.Ann. Code, art. 27, § 643A(d). This recodification carried forth art. 26, § 146(f) to art. 27, § 643A(d) without any change in substance of the law.

4.  In 1976, when the Rules Committee was working on present rule 4–346(c) some discussion on the differences between §§ 642 and 643A occurred. The Committee members recognized the administrative convenience of repealing § 643A and utilizing only § 642, but some members expressed strong sentiment regarding the philosophical desirability of the original judge presiding at the probation revocation proceeding. A vote was taken on the recommendation of the Criminal Law Committee to repeal § 643A. The vote resulted in a 4–4 tie, with Judge Alpert, as the chairman, breaking the tie in favor of *not* repealing § 643A. *See,* Minutes of A Meeting of the Legislative Committee—Prepared by Judge Adkins, then Executive Secretary of the Maryland Judicial Conference, September 14, 1976, located in the Rules Committee Files with materials for Md. Rule 4–346(c).

difference, as indicated *supra*, may be explained by the fact that the District Court is a single state-wide court.

█ Returning to the facts of the case *sub judice*, we note that appellant made a timely request to have Judge Resnick preside at appellant's revocation hearing because Judge Resnick was the judge who originally imposed appellant's probation. Judge Hammerman denied appellant's request on the sole basis that Judge Resnick "is not assigned to this bench, and it is the practice of this bench, as authorized by the Maryland Rules, that when the judge who imposed the original sentence is not available for further proceedings it may be assigned to another judge of that bench." This, we hold, does not comply with Rule 4–346(c). Judge Hammerman made no findings as to the practicality of having Judge Resnick preside over appellant's probation revocation proceeding; denying appellant's request that Judge Resnick hear the case without making any determination of the practicality of having Judge Resnick preside violated appellant's rights under Rule 4–346(c).

█ The State argues that it was not practicable to have Judge Resnick preside at appellant's hearing because, as Judge Hammerman properly noted, Judge Resnick was on a temporary assignment to the Circuit Court for Baltimore

---

5. 1978 Md.Laws 626 amended Md.Ann. Code art. 27, § 642 to allow a judge to sentence a probationer to the original sentence imposed, or a part thereof, or to impose sentence on the revocation of the probation. This amendment only amended the power of the circuit court judges, and did nothing to § 643A.

6. 1981 Md.Laws 293 amended art. 27, § 642 to permit a judge in the Circuit Court to sentence a probation violator to a period of incarceration plus a period of probation.

7. In 1983, the General Assembly amended Md. Code Ann. art. 27, § 643A thus evidencing the continued validity of that section. The 1983 amendment dealt with subsection (c) of § 643A and is thus not relevant here. 1983 Md. Laws 8. The continued validity of § 643A was again evidenced in 1984 when the General Assembly amended subsection (b) of § 643A. 1984 Md. Laws 432.

Therefore, based upon the above it is evident that §§ 643A and 642 of art. 27 are still valid, and that each statute applies a different standard of which judge should preside over a probation revocation in the Circuit and District Courts.

City when he sentenced appellant to probation, and to have Judge Resnick return "would not have been easy." Specifically, the State argues that in order for Judge Resnick to sit again in the Circuit Court and conduct these proceedings, it would have been necessary for Chief Judge Murphy of the Court of Appeals to reassign Judge Resnick to the circuit court temporarily, pursuant to Md. Rule 1202(a)(1). Therefore, the State argues, the time it would have taken to arrange such temporary assignment made it impracticable for Judge Resnick to preside, and thus Judge Hammerman acted properly, in accordance with Md. Code Ann. art. 27, § 642.

We do not accept that argument. In rejecting it, we exercise our prerogative to take judicial notice of both law and fact. *See, Davidson v. Miller,* 276 Md. 54, 344 A.2d 422 (1975); *James v. State,* 31 Md.App. 666, 358 A.2d 595, *cert. denied,* 278 Md. 725 (1976); *Barsallo v. Barsallo,* 18 Md.App. 560, 308 A.2d 457 (1973) (an appellate court can take judicial notice). We note first that when a judge is temporarily assigned to another court pursuant to Md. Rule 1202(a)(1), the designation usually states, in effect if not *in haec verba,* that the temporarily assigned judge shall sit during the specific time stated—

> ... and thereafter to continue to sit as a Judge of said Court in any and every case of said Court which he/she may have heard or which may have been submitted to him/her during said period until he/she shall have determined and acted upon any such case and any matter or matters incidental thereto, including any such incidental matters which may arise after [the expiration of the period of designation].

While it is not included in the record, we take notice of the fact that Judge Resnick's designation contained such language. *See, Reed v. State,* 283 Md. 374, 391 A.2d 364 (1978); *State v. Clay,* 182 Md. 639, 35 A.2d 821 (1944); *Gravenstine v. Gravenstine,* 58 Md.App. 158, 472 A.2d 1001 (1984) (court may judicially note facts which readily can be determined by examination of a source whose accu-

racy cannot be reasonably questioned; in this case, the records of the Court of Appeals). As is apparent from the language of the order temporarily assigning him to the Circuit Court for Baltimore City, Judge Resnick was vested with continuing jurisdiction over the cases he heard and all matters incidental to those cases, including matters arising after the special assignment expired. Such continuing authority is consistent with the general concept that the judge who grants a defendant probation retains continuing jurisdiction through the probationary period to conduct hearings and make any changes in the original disposition warranted by the probationer's conduct. *Horsey v. State,* 56 Md.App. 667, 468 A.2d 684 (1983), *cert. denied,* 299 Md. 426, 474 A.2d 218 (1984). Consequently, no new designation would have been needed for Judge Resnick to preside over appellant's revocation hearing; there is no merit in the State's impracticability argument.

In view of the fact that the April 6, 1987, revocation hearing was scheduled almost eight months earlier, it would appear unlikely that any major difficulty would have been experienced in arranging for Judge Resnick to hear the matter if any attempt to make such arrangements had been made. Even if we were to limit our consideration to the situation as it existed on April 6, when appellant actually requested that the matter be referred to Judge Resnick, we find nothing in the record to suggest that it would have been impractical to grant that request. The District Court sits in various places in Baltimore City. Nevertheless, taking judicial notice of distance and location (*see Iozzi v. State,* 224 Md. 42, 166 A.2d 257 (1960); *Philadelphia B & W R.R. v. Diffendal,* 109 Md. 494, 72 A. 193 (1909); *Gibbs v. State,* 18 Md.App. 230, 306 A.2d 587, *cert. denied,* 269 Md. 759 (1973)), we note that any of those locations is near enough to the Circuit Court that Judge Resnick *might* have been available to conduct this revocation hearing within minutes after appellant requested that he do so. At the very least, it was incumbent upon the court to place a telephone call, inquiring into Judge Resnick's availability,

before ruling that it was "impractical" for him to hear the case.

We agree with the following language from *Smith v. State*, 598 P.2d 1389, 1391 (Wyo.1979):

> [P]robation is a matter over which the sentencing judge takes a personal hand. His decision is one that he has made upon the basis of his own judgment of the defendant's potential. He has retained control over the defendant's conduct because of an intimate acquaintance with defendant as a person gained through his own observation in the courtroom and a special study of his background. No one is in a better position than the sentencing judge to accomplish the objects of probation and keep track of its progress. The supervision of probation, through his probation officers, is one of the most important duties performed by the trial judge. It is one of his functions in which he cannot be completely impersonal. So there are compelling reasons for the particular judge allowing probation to trace and retain an individual concern over each defendant in whom he has placed his confidence.

Judge Hammerman was not aware of the reasoning behind Judge Resnick's imposition of probation, and when asked how familiar he was with the background of the appellant, Judge Hammerman replied, "not at all." Because only Judge Resnick knew what he hoped to accomplish by suspending sentence in favor of probation, he was the judge who should have presided over appellant's revocation of probation hearing, unless, as provided in Md. Rule 4–346(c), it was not practical for him to do so. We reverse and remand this case for further proceedings because there is nothing in the record to show, or even suggest, that it was not practical for Judge Resnick to have heard this case.

JUDGMENT REVERSED AND CASE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL
OF BALTIMORE.